*Crovatt & Whitfield,* for defendant.

---

## McClellan *et al. v.* McClellan.

BECK, J. 1. A person can not prosecute two inconsistent remedies. If a wife was coerced by her husband into making a deed to her brother-in law, she could, at her option, repudiate the conveyance and proceed to have it cancelled and to recover the land. If, instead of so doing, with full knowledge of the facts she elected to bring suit against a bank where certain funds had been deposited by her husband, claiming that such funds were the proceeds of the conveyance to her brother-in-law and belonged to her, and such suit was compromised by paying to her a portion of the amount sued for, this amounted to a ratification of the conveyance, and she could not thereafter successfully bring suit against one to whom the heirs at law of her brother-in-law had conveyed the land, seeking to repudiate the conveyance made by her and to recover the land. *Board of Education* v. *Day,* 128 *Ga.* 156, 163 (57 S. E. 359); *Dolvin* v. *American Harrow Co.,* 125 *Ga.* 699, 706 (54 S. E. 706); *Equitable Life Assurance Society* v. *May,* 82 *Ga.* 646 (9 S. E. 597); 15 Cyc. 259-262.

(a) The charge of the court which in substance hypothetically stated the facts set out in the preceding heanote, but merely instructed the jury that if such were the facts they could consider them along with other evidence in the case in determining the question of ratification, was error.

(b) And under the state of facts thus hypothetically stated, relative to the execution of the deed, if the wife received a part of the purchase-money for the lot, knowing the source from which it was derived, and her husband, by her consent and authority, received the balance, this would also have amounted to a ratification of the conveyance.

2. The court erred in charging the jury as follows: "The relations between husband and wife are considered in law confidential, and you may con-

sider that relation in passing upon the acts of the husband of Mrs. M. T. McClellan, as shown by the evidence, in arriving at what, if any, influence his relation to her had in respect to her own acts. The confidential relationship, if so established, would prevent the acquisition by one party, by influence produced by such relationship, of an adverse right to himself, as against the party so influenced; and this would apply to a third party who knew of the relationship, and of the undue influence, if any there be, if such party actually participated in the matters leading up to the acquisition of such adverse interest."· This charge authorized the jury to find in favor of the wife who sought to have the deed declared void, though the "third party" referred to, the grantee in the deed, had participated in no act amounting to coercion, or duress, or fraud, inasmuch as the "influence produced by such relationship" (that is, of husband and wife) might not have in it any element necessarily affecting the validity of the conveyance.

3. The effect of a conveyance by a wife of her separate estate to a creditor of her husband for the purpose of paying the latter's debts was not involved under the pleadings and· evidence in this case; and the charge of the court upon that subject, though it correctly stated the law upon the question, should not have been given.

4. The other charges of the court complained of are not erroneous upon any of the grounds taken upon exception thereto.

5. The exceptions to the rulings of the court upon the admissibility of evidence present no question for determination by this court, as they do not show what objections to the admission of the evidence were urged upon the trial of the case.

> *Judgment reversed. All the Justices concur.*
>
> SEPTEMBER 20, 1910.

Equitable petition. Before Judge Ellis. Fulton superior court. May 15, 1909.

*Lewis W. Thomas* and *C. L. Pettigrew,* for plaintiffs in error.

*J. D. Kilpatrick,* contra.