REESE *v.* SPENCE *et al.*

No. 12731. JUNE 17, 1939.

*D. B. Howe* and *Walter Matthews,* for plaintiff.

*Boykin & Boykin* and *Edwards & Edwards,* for defendants.

BELL, Justice.   The argument for the plaintiff in error is based chiefly on the contention that the defendant in error Spence, the purchaser at the administrator's sale, is bound by the doctrine of caveat emptor.   The only authorities cited are in reference to this doctrine.   We do not think the plaintiff in error is in position to invoke this rule of law.   In the proceeding brought by Spence, the plaintiff in error and a sister, Sarah Rainey, alleged in their answer that "they have not agreed to accept any part of said fund, for the reason they are owners of said land, and they admit said sale was void; . . these defendants say that they are rightfully and legally in possession of the land described in said petition,

being joint owners of the same along with [other named heirs at law of their mother] under a warranty deed from their grandmother, Ann Williamson, to said property, of record in . . the clerk's office . . in which deed Mary Ann Walker had only a life-interest, said property reverting to these defendants at her death; that the said Mary Ann Walker is dead, and said defendants are in legal possession of said property." As appears from *Rainey* v. *Spence,* supra, the trial court construed the deed to Mary Ann Reese [Walker] as conveying to her the fee-simple title to the land involved, and ordered the sheriff to place Spence in possession of this land. The defendants in that case, Reese and his sister, excepted to this judgment, and this court reversed the lower court's construction of the deed in question, holding that Mary Ann Walker took only a life-estate thereunder, and that at her death title thereto vested in her children, of whom Cornelius Reese was one, thus upholding the contention of Cornelius Reese that he and his sister were in "legal possession of said property" as tenants in common with the other remaindermen under the deed as construed by this court. Under that decision, which was in a case brought to this court by Cornelius Reese and Sarah Rainey, the deed from the administrator to Spence conveyed no title, the intestate having none. Whether or not under these circumstances, without more, the principle of caveat emptor would have prevented the purchaser from refusing compliance with his bid, or from recovering the amount thereof after payment (*Colbert* v. *Moore,* 64 *Ga.* 502; *Mercer* v. *Sager,* 129 *Ga.* 123, 58 S. E. 1037), there are additional facts to be considered.

At the time of the administrator's sale, Reese and his sister were in possession of this land, holding it adversely to the administrator, and claiming it for themselves and others by purchase under the terms of the deed from Ann Williamson to their mother. While thus in possession, Reese influenced Spence to purchase this land at the sale by the administrator, and later claimed title to an undivided interest therein under the deed from his grandmother, which claim was finally adjudicated in his favor. The administrator is not resisting the claim of Spence, but asks the court for direction. In these circumstances it would be inequitable and unjust as between Spence and Reese, who are the only contesting parties, for the court to compel the administrator to account to

Reese for any of the funds in his hands realized from the administrator's sale of the land. Having joined with his sister in asserting that the deed conveyed only a life-estate to their mother, with remainder to her children, and having prevailed in that contention, Reese is bound by that election, and can not afterwards, as against the purchaser, claim the proceeds of the sale in virtue of his relation as an heir at law of his mother; and having induced or influenced Spence to purchase the land as stated, he is not in position to invoke the doctrine of caveat emptor for the purpose of preventing Spence from recovering the proceeds from the administrator. We think the views here expressed are supported in principle by the rulings in *Lamar* v. *Pearre,* 90 *Ga.* 377 (5) (17 S. E. 92); *Glore* v. *Scroggins,* 124 *Ga.* 922, 928 (53 S. E. 690); *Board of Education* v. *Day,* 128 *Ga.* 156 (5), 166 (57 S. E. 359); *McClellan* v. *McClellan,* 135 *Ga.* 95 (68 S. E. 1025). The fact that Reese is now estopped to claim this land as against Spence does not alter the case. Estoppel is negative, not creative. *Parks* v. *Simpson,* 124 *Ga.* 523, 524 (52 S. E. 616). "Its whole scope is to protect one from loss which, but for the estoppel, he could not escape, and should be limited to saving the party asserting the estoppel from loss." *Peacock* v. *Horne,* 159 *Ga.* 707 (5) (126 S. E. 813).

The plaintiff in error does not assign error on the provision of the final judgment excepted to which decreed one seventh interest in the land involved to be in Spence; so the correctness of that portion of the judgment is not for decision. The judgment complained of was not erroneous for any reason urged.

*Judgment affirmed. All the Justices concur.*