19873. McCALLUM *et al.,* Commissioners, *v.* ALMAND.

ARGUED OCTOBER 15, 1957—DECIDED NOVEMBER 8, 1957—
REHEARING DENIED NOVEMBER 26, 1957.

*Cravey & Pentecost, Adams & McDonald,* for plaintiffs in error.

*Paul Webb, Jr., Harold Sheats,* contra.

HAWKINS, Justice. (After stating the foregoing facts.) The controlling question to be determined is whether the petitioner's service either as county commissioner and policeman, or as coroner, constituted such peace officer's service as would entitle him to participate in the retirement fund, for it would require credit for service in both capacities to total twenty years' service. The act creating the Peace Officers Annuity and Benefit Fund of Georgia, at the time petitioner alleges he became a member, defined the term "peace officer" as follows: "The term 'peace officer,' as used in this Act, shall mean all peace officers who are employed by the State of Georgia, or any subdivision, or municipality thereof, who are required by the term of their employment, whether by election or appointment, to give their full time to the preservation of public order, or the protection of life and property, or the detection of crime in the State of Georgia, or any political subdivision or municipality thereof." Ga. L. 1950, p. 50, § 8. Paragraph 9 of the petition alleges: "Petitioner served as a peace officer for Georgia, as defined by said act, continuously from January 31, 1935, to December 31, 1956, as follows: (a) From January 31, 1935, until November 13, 1946, petitioner was employed by Fulton County, Georgia, as county commissioner and county policeman, having the authority and the duty to

preserve the public peace in Fulton County, Georgia, to make arrests and enforce all laws of the State of Georgia and Fulton County, *and was required to give his full time to his job as such peace officer.*" Whether or not this allegation, as against a general demurrer, would be a sufficient allegation of such service as a peace officer as would comply with the requirements of the act, under the stipulation of facts and the undisputed testimony of the plaintiff himself, it clearly appears that he was not such a peace officer during the time he served as county commissioner as to come within the terms of the act. The requirements of the act are explicit that, in order to qualify thereunder, a peace officer must, by the terms of his employment, be required to give his full time to the preservation of public order, or the protection of life and property, or the detection of crime. The record discloses that the plaintiff was elected Commissioner of Roads and Revenues of Fulton County and took office as such in January, 1935. He testified that, immediately upon being sworn in as county commissioner, he assumed the responsibilities of the office—"I quit my job, had been in the insurance business for many years. I gave my full time to the operation of the county"; that he established an office in the courthouse; and in response to the question, "How much of your time did you devote to the office?" he replied, "I was here every day."

For the manifold duties and responsibilities devolving upon the Commissioners of Roads and Revenues of Fulton County, Georgia, see Ga. L. 1880-81, p. 508. The resolution of the county commissioners electing him a county policeman was as follows: "Upon motion, it was ordered that each of the present members of the Board of Commissioners of Roads and Revenues of Fulton County, Georgia, to wit: Chas. R. Adams, Ed L. Almand, Edwin F. Johnson, Geo. F. Longino and J. A. Ragsdale, are hereby elected as county policemen for Fulton County without compensation and waiving the civil service rights, and that the Chief of County Police is hereby instructed to swear in each of them as county policemen, and that the clerk of this board is hereby instructed to have bonds in the amount of $1,000 for each issued covering them as county policemen."

It thus appears that not only did the terms of his employment

fail to require that he give full time to the duties of a peace officer, but his testimony discloses that he gave "full time to the operation of the county" as county commissioner, and that, if it came to a matter of a public disorder, apprehending a criminal, the members of the active police department did that sort of work, and that he made no arrests while serving as county commissioner and county policeman under the resolution, and received no compensation as county policeman. It necessarily follows from what is said above that the plaintiff, while serving as Commissioner of Roads and Revenues of Fulton County, and as county policeman under the resolution above quoted, was not such a peace officer as would entitle him to qualify under the terms of the act creating the Georgia Peace Officers Annuity and Benefit Fund.

It is insisted by counsel for the plaintiff that, even though the plaintiff's services as a county commissioner and county policeman do not qualify him to participate under the terms of the act, the defendants are estopped to question this qualification because the secretary-treasurer of the fund on March 15, 1954, notified plaintiff by letter that he had been given credit for such time, and thereafter accepted his contributions to the fund. With this we cannot agree. Estoppel does not create a right (*Rieves* v. *Smith*, 184 *Ga.* 657, 664, 192 S. E. 372, 112 A. L. R. 368), and conveys no title. *Peacock* v. *Horne*, 159 *Ga.* 707, 708 (4) (126 S. E. 813); *Reese* v. *Spence*, 188 *Ga.* 349, 354 (4 S. E. 2d 244). Code § 89-903 provides that "Powers of all public officers are defined by law, and all persons must take notice thereof. The public may not be estopped by the acts of any officer done in the exercise of a power not conferred." In *Drost* v. *Robinson*, 194 *Ga.* 703 (22 S. E. 2d 475), the treasurer of a retirement fund was held by this court not to be estopped to deny eligibility of an applicant for disability payments under the fund, even though the trustees and custodians of the fund had accepted or withheld three percent of his wages as dues in said fund and had declared him eligible for such disability payments, it being there held that an illegal or unauthorized act on the part of such trustees and custodians would not work an estoppel. In *Sibley* v. *Park*, 175 *Ga.* 846 (2) (166 S. E. 212), it is held: "In a suit for man-

damus, the duty which the complainant seeks to have enforced must be a duty arising by law, either expressly or by necessary implication; and the law must not only authorize the act to be done, but must require its performance." See also *Cole* v. *Foster*, 207 *Ga.* 416, 418 (61 S. E. 2d 814).

Under the undisputed evidence, the plaintiff has not had twenty years' service as a peace officer which would entitle him to participate in the Peace Officers Annuity and Benefit Fund, and the trial judge erred in granting a mandamus absolute.

*Judgment reversed. All the Justices concur, except Almand, J., who is disqualified.*