20499. VANDIVER *et al.,* Commissioners, *v.* ENDICOTT.

MOBLEY, Justice. The exception is to the judgment of the Superior Court of Fulton County overruling the defendant's general demurrer to the petition seeking a mandamus absolute to require the defendants as members of the Board of Commissioners of the Peace Officers Annuity and Benefit Fund of Georgia to reinstate the plaintiff as a member of the Peace Officers Annuity and Benefit Fund, and to the judgment rendered upon a stipulation of facts granting mandamus absolute and ordering the defendants to reinstate the plaintiff as a member of said fund. *Held:*

The act creating the Peace Officers Annuity and Benefit Fund, at the time the plaintiff alleges he became a member, defined the term "peace officer" as follows: "The term 'peace officer,' as used in this act, shall mean all peace officers who are employed by the State of Georgia, or any subdivision, or municipality thereof, who are required by the term of their employment, whether by election or appointment, to give their full time to the preservation of public order, or the protection of life and property, or the detection of crime in the State of Georgia, or any political subdivision or municipality thereof, and shall include all convict guards and wardens of county or state camps [who] shall be entitled to all the benefits, privileges and responsibilities provided under this act." Ga. L. 1950, p. 53. Although the plaintiff alleges in his petition in general terms that he, as Fire Marshal of the City of Atlanta, devotes his full time to the preservation of public or-

der, the protection of life and property, and the detection of crime in the City of Atlanta, that he is by city ordinance vested with the powers of a police officer, that it is his duty to see that the Georgia fire-safety regulations and the fire-prevention ordinances of the City of Atlanta are enforced, that he has exercised his authority as a police officer of the City of Atlanta, and that he has apprehended and prosecuted violators of the laws of Georgia and the ordinances of the City of Atlanta—he alleges that his duty is to enforce the laws and ordinances as set forth in two exhibits of his petition. The duties specifically outlined in these exhibits relate to fire prevention and fire safety and consist primarily of detecting fire hazards and in eliminating them, in enforcing the laws and ordinances relating to fire prevention and fire safety, and in making arrests and prosecuting those suspected of arson and the violation of other laws and ordinances relating to fire protection, fire prevention, fire safety, fire fighting, etc. The general allegations of the petition to the effect that as fire marshal he is a "peace officer" engaged in the enforcement of the laws of Georgia and the city ordinances of the City of Atlanta are mere conclusions, which must yield to the specific allegations of his petition contained in his exhibits, which show that he is primarily engaged in fire prevention and fire safety and in enforcing the laws and ordinances relating thereto. "Exhibits attached to a petition control over its general allegations." *Williams* v. *Appliances, Inc.,* 91 *Ga. App.* 608 (4) (86 S. E. 2d 632). "The demurrer admits only the facts and not the legal conclusions drawn therefrom by the pleader." *Lee* v. *City of Atlanta,* 197 *Ga.* 518, 520 (29 S. E. 2d 774). On demurrer, the petition will be construed in accordance with the facts as shown by the exhibits outlining the duties and powers of the fire marshal, and not in accordance with the interpretation alleged by the pleader. *Strickland* v. *Lowry Nat. Bank,* 140 *Ga.* 653 (2) (79 S. E. 539). "In general, it may be said that a peace officer is a person designated by public authority to keep the peace and arrest persons guilty or suspected of crime." 4 Am. Jur. 18, § 24; Restatements of Torts 246, § 114. He is a conservator of the peace, which term is synonymous with the term "peace officer." Ex parte Levy, 204 Ark. 657 (163 S. W. 2d 529). As pointed out in the recent case of *Board of Comrs. of Peace Officers &c. Benefit Fund* v. *Clay,* 214 *Ga.* 70 (102 S. E. 2d

575), the specific inclusion in the peace officers act of guards and wardens clearly shows that the intent of the legislature was to exclude from the definition of "peace officer" public employees or officers who, incidental to the primary duties of their employment, occasionally perform some of the services of a police officer. The fact that, under an ordinance of the City of Atlanta, officers of the fire department, are invested with the powers of police officers and are authorized to make arrests within the city would not constitute them "peace officers" within the meaning of the Peace Officers Annuity and Benefit Fund Act any more than would the provisions of Code § 27-214, investing conductors, motormen, and drivers of street-railroad cars with all the powers, duties, and responsibilities of police officers while on duty on their trains and cars and at the termini of their lines, and of Code § 27-217, investing steamboat captains with the same powers, make them peace officers within the meaning of that term. From what has been said above, it was error to overrule the defendants' general demurrer to the petition. The subsequent grant of the writ of mandamus absolute was error.

*Judgment reversed. All the Justices concur.*

ARGUED JUNE 9, 1959—DECIDED JULY 8, 1959—REHEARING DENIED JULY 23, 1959.

*Adams & McDonald, Ernest McDonald, Cravey & Pentecost,* for plaintiffs in error.
*Lucian J. Endicott, Mary C. Endicott,* contra.