### 20591. CONNORS *v.* VANDIVER *et al.,* Commissioners.

MOBLEY, Justice. The exception is to the judgment of the Superior Court of Fulton County sustaining the defendants' general demurrer to the petition seeking a mandamus absolute

to require the defendants, as members of the Board of Commissioners of the Peace Officers Annuity and Benefit Fund of Georgia, to reinstate the plaintiff as a member of the Peace Officers Annuity and Benefit Fund. *Held:*

The plaintiff alleged in his petition that, since September 22, 1953, he had been an employee of the Health Department of Richmond County, and that in such capacity he devoted his full time to the duties he had previously fulfilled as a police officer in charge of the vice squad of the Augusta Police Department, consisting of "making raids, arresting law violators, and taking other appropriate measures to suppress prostitution, venereal disease, juvenile delinquency, and other forms of vice." An examination of the appropriate statutes concerned with the duties and powers of employees of county health departments, and with the Health Department of Richmond County in particular, fails to reveal by what authority the plaintiff, as an employee of the Health Department of Richmond County, may act as a peace officer within the meaning of the term "peace officer," defined in the act creating the Peace Officers Annuity and Benefit Fund (Ga. L. 1950, p. 50). Code (Ann.) § 88-309 provides that it shall be the duty of district commissioners of health to "enforce all health laws of the State and health ordinances of their respective localities, together with the rules and orders of the State Board of Health." The act creating the Health Department of Richmond County (Ga. L. 1955, pp. 3203, 3204) provides that "the Commissioner of Health of Richmond County, and each of his deputies, shall have police power and shall have the right to enter upon any premises in said county for the purpose of inspection and quarantine when it is considered necessary to protect the public health in said county by the Commissioner of Public Health or his deputies." Aside from the fact that the plaintiff in his petition does not allege that he is either the commissioner of health or a deputy of the commissioner of health—who are the only county health department employees invested with any police powers at all—the commissioner and his deputies fail to qualify as peace officers under the definition of peace officer given in the 1950 act, supra, as construed by this court. "The powers of all public officers are defined by law. Code § 89-903. Where the law creates an office, one holding such office has no authority to perform any act not legitimately within the scope of such authority. . .

The authority of the plaintiffs to act as peace officers must be found in some public law." *Board of Commissioners* v. *Clay*, 214 *Ga.* 70, 73 (102 S. E. 2d 575). ". . . the specific inclusion in the peace officers act of guards and wardens clearly shows that the intent of the legislature was to exclude from the definition of 'peace officer' public employees or officers who, incidental to the primary duties of their employment, occasionally perform some of the services of a police officer. The fact that, under an ordinance of the City of Atlanta, officers of the fire department are invested with the powers of police officers and are authorized to make arrests within the city would not constitute them 'peace officers' within the meaning of the Peace Officers Annuity and Benefit Fund Act. . ." *Vandiver* v. *Endicott*, 215 *Ga.* 250, 252 (109 S. E. 2d 775). Similarly, the act investing the health commissioner and his deputies with police powers would not constitute them "peace officers" within the meaning of the act of 1950. Since the allegations by which the plaintiff sought to establish himself as a peace officer under this act are unsupported by any express legal authority, the trial judge did not err in sustaining the general demurrer to the petition.

*Judgment affirmed. All the Justices concur.*

ARGUED SEPTEMBER 17, 1959—DECIDED OCTOBER 9, 1959.

*Congdon, Holley & Smith*, for plaintiff in error.

*Adams & McDonald, Ernest McDonald, Cravey & Pentecost, Zack D. Cravey, Jr.*, contra.