20838.   VANDIVER *et al.,* Commissioners, *et al. v* MANNING.

ARGUED MARCH 16, 1960—DECIDED APRIL 4, 1960—
REHEARING DENIED APRIL 27, 1960.

*Cravey & Pentecost, Zack D. Cravey, Jr., Adams & McDonald, Ernest McDonald,* for plaintiffs in error.

*Sheats, Parker & Webb, Paul Webb, Jr.,* contra.

HEAD, Presiding Justice. On March 21, 1952, the date the plaintiff originally made application for membership in the Peace Officers' Annuity & Benefit Fund, the term "peace officer" as used in the act creating the fund, as then amended, was defined as follows: "The term 'peace officer,' as used in this act, shall mean all peace officers who are employed by the State of Georgia, or any subdivision, or municipality thereof, who are required by the term of their employment, whether by election or appointment, to give their full time to the preservation of public order, or the protection of life and property, or the detection of crime in the State of Georgia, or any political subdivision or municipality thereof, and shall include all convict guards and wardens of county or State camps. . ." Ga. L. 1951, pp. 472, 473-474.

The determination of whether or not the plaintiff was a peace officer as thus defined when he made application for membership must be made by reference to the duties imposed on him by

law at that time. The law then in effect was the act of 1913 (Ga. L. 1913, pp. 112, 114), as amended by the act of 1933 (Ga. L. 1933, p. 266) (Code of 1933, §§ 27-2703—27-2706), as further amended by the act of 1941 (Ga. L. 1941, p. 481). Among the duties specified were the following: "First, to investigate, in his discretion, the case of any person brought before the court, to ascertain the history and previous conduct of the person arrested, and such other facts as may show whether he or she may properly be released as a probationer under the provisions of this law, and to accomplish this, the probation officer shall have opportunity to confer with the accused. Second, to preserve complete records of all cases investigated, including descriptions sufficient for identification, with the findings of the court, its action in the case, the subsequent history of the probationer, in such form as may be prescribed under the provisions of this law. . . . Third, to take charge of all persons placed on probation under this law, to instruct probationers in their duty under the orders of court, enforce the terms and conditions of same, keep regular books of accounts showing any receipts and disbursements of money received by him under the terms of said orders of court. In so far as necessary to the performance of their official duties, probation officers shall have all the powers of police officers. Every person placed on probation under the provisions of this law shall, during the term of his release without the confines of the chain gang, jail or other place of detention, observe all rules prescribed for his conduct by the court, report to the probation officer as directed, and maintain a correct life. In case of failure to meet any of these requirements, and at any time prior to the final disposition of the case of any probationer in the custody of a probation officer, the officer may bring him without warrant before the court or the court may issue a warrant directing that he be arrested and brought before it." Code of 1933, §§ 27-2704, 27-2705.

In the present case, no consideration is necessary of the evidence introduced in behalf of the plaintiff, except to observe that the evidence shows that he performed the duties which he was authorized to perform under the law. In determining the question of whether or not the plaintiff was a peace officer authorizing his membership in the fund, the authority of the plaintiff to

act as a peace officer "must be found in some public law." *Board of Commrs. of Peace Officers Annuity & Benefit Fund* v. *Clay*, 214 *Ga.* 70, 73 (102 S. E. 2d 575). In that case the definition of a peace officer was amplified in the following language (at pages 72, 73) : "To preserve the public peace means to secure that quiet and freedom from disturbance which is guaranteed by the law. . . The rights of 'life' and 'property' embrace every right of the citizen which the law protects, and includes all liberties, whether personal, civil or political. . . The detection of crime means the investigation and discovery of violators of all public laws." In *Vandiver* v. *Endicott*, 215 *Ga.* 250, 251 (109 S. E. 2d 775), it was said: " 'In general, it may be said that a peace officer is a person designated by public authority to keep the peace and arrest persons guilty or suspected of crime.' 4 Am. Jur. 18, § 24; Restatement of Torts 246, § 114. He is a conservator of the peace, which term is synonymous with the term 'peace officer.' Ex parte Levy, 204 Ark. 657 (163 S. W. 2d 529)."

The General Assembly of Georgia has determined that it is in the interest of the public good and the welfare of persons convicted of violations of the public laws that in some instances the violators be allowed to serve their sentences outside of a place of detention, but under the strict supervision of probation officers. This provision for probation offers an opportunity for rehabilitation, which will result in an advancement of the welfare of both the person rehabilitated and society generally. On the other hand, it contains an element of danger to the peace of society, in that persons with known criminal tendencies are allowed to remain unconfined, with the possibility of a repetition of criminal acts by them. In this area the probation officer has important duties to perform, first in investigating persons convicted of crime to determine whether their past records justify the conclusion that they might safely be placed on probation, then in supervising their conduct while on probation, and in arresting them and bringing them back before the court in case they violate the terms of their probation. While the jurisdiction of probation officers to arrest offenders is limited to one class of persons, the probationers under their supervision, their power of arrest is broader with regard to that class of persons than is the general power of arrest by officers (Code § 27-207), since the probation

officer may arrest a probationer without a warrant for the alleged violation of any condition of his probation, which might be the commission of a felony or misdemeanor, or a mere violation of some rule prescribed for his conduct, even though such violation of the conditions of his probation was not committed in the probation officer's presence. The probation officer deals with a group of persons known to have criminal tendencies, since they have been convicted of violations of law, and his arrests are made of persons already convicted of crime, whereas an officer such as a policeman frequently arrests persons only suspected of criminal violations. We therefore conclude that the plaintiff as Adult County Probation Officer of Fulton County should be termed a "peace officer" and eligible to membership in the fund established for peace officers. See Fishbein v. State, 125 N. Y. S. 2d 845 (282 App. Div. 600, 282 App. Div. 1093).

This ruling is not in conflict with those made in McCallum v. Almand, 213 Ga. 701 (100 S. E. 2d 924), wherein it was held that the applicant, who was a county commissioner and county policeman, was not eligible for membership in the peace officers' fund. In that case it was pointed out that the applicant devoted his full time to his duties as county commissioner, that he made no arrests, and received no compensation as county policeman. In Board of Commrs. of Peace Officers Annuity & Benefit Fund v. Clay, 214 Ga. 70, supra, it was held that certain motor-carrier inspectors were not peace officers. In that case it was pointed out that there was nothing in the law that authorized the inspectors to make an arrest other than as private citizens for offenses committed in their presence. In Vandiver v. Endicott, 215 Ga. 250, supra, it was said: "The general allegations of the petition to the effect that as fire marshal he is a 'peace officer' engaged in the enforcement of the laws of Georgia and the city ordinances of the City of Atlanta are mere conclusions, which must yield to the specific allegations of his petition contained in his exhibits, which show that he is primarily engaged in fire prevention and fire safety and in enforcing the laws and ordinances relating thereto." None of those cases is authority for a ruling that a probation officer, supervising probationers convicted of a wide variety of offenses against the public laws, and with authority to

arrest, without warrant, such probationers as may violate the terms of their probation, is not a peace officer.

The trial court properly overruled the general demurrers to the petition for mandamus, and entered the mandamus absolute requiring the defendants to reinstate the plaintiff as a member of the Peace Officers' Annuity & Benefit Fund, upon his payment of accrued dues.

*Judgment affirmed. All the Justices concur, except Mobley, J., dissenting.*

MOBLEY, Justice, dissenting. The plaintiff, an Adult Probation Officer of Fulton County, is not a peace officer within the meaning of that term as used in the act (Ga. L. 1950, pp. 50-58; Ga. L. 1951, pp. 472-475; Ga. L. 1956, p. 280-292; Ga. L. 1958, pp. 341-351) creating the Peace Officers' Annuity & Benefit Fund. There is no distinction between this case and that of *Vandiver* v. *Endicott,* 215 *Ga.* 250 (109 S. E. 2d 775), in which, in a unanimous opinion of this court, it was held that a fire marshal of the city of Atlanta, whose duties consisted primarily of "detecting fire hazards and in eliminating them, in enforcing the laws and ordinances relating to fire prevention and fire safety, and in making arrests and prosecuting those suspected of arson and the violation of other laws and ordinances relating to fire protection, fire prevention, fire safety, fire fighting, etc.," was not a peace officer within the meaning of the act creating the fund. In my opinion, this case is controlled by the full-bench decision in *Vandiver* v. *Endicott,* 215 *Ga.* 250, supra.