QUESTIONS:
1. Does a circuit judge have the authority to arrest one violating the traffic statutes in the presence of said judge?
2. If so, what would be the proper procedure for him to follow in effectuating such an arrest without warrant?
3. What would be the role in the subsequent prosecution thereof?
SUMMARY:
Section 901.15(5), F. S., authorizes `peace officers' to make warrantless arrests for violations of the Uniform Traffic Control Law (Ch. 316, F. S.) committed in their presence. A circuit judge as a `conservator of the peace' is also a peace officer and, accordingly, has the authority to arrest without a warrant as provided in s. 901.15(5). In making such an arrest, he must state his authority and the cause for arrest to the alleged traffic violator subject to the conditions specified in s. 901.17, F. S.
A circuit judge who does not have a uniform traffic complaint in his possession to issue to the alleged traffic violator must take the arrested person before a neutral and detached magistrate and file a sworn complaint against the arrested person and have a summons issued as provided in s. 901.09, F. S. By making an arrest as a conservator of the peace and peace officer under s.901.15(5), F. S., a circuit judge places himself in the role of a prosecuting witness, and he must maintain that role through the subsequent prosecution thereof.
AS TO QUESTION 1:
Section 901.15(5), F. S., provides that a `peace officer' may make an arrest without a warrant when a violation of Ch. 316, F. S., the Uniform Traffic Control Law, has been committed in his presence. Such arrests may be made immediately or upon fresh pursuit.
Section 901.01, F. S., provides in pertinent part that `[e]ach state judicial officer is a conservator of the peace . . . .' Alsosee s. 19, Art. V, State Const., providing that all state judicial officers shall be conservators of the peace. Whether a circuit judge as `conservator of the peace' is also a `peace officer' for purposes of s. 901.15, F. S., has not been directly considered by the courts of this state, but in AGO 070-167, this office concluded that a circuit judge is a law enforcement officer within the purview of s. 790.001(8)(a) and (e), F. S., thereby permitting him to carry a gun `because he is a state officer who has the authority to make arrests for breaches of the peace committed in his presence, and he is a peace officer.' This conclusion was based, in part, upon a consideration of judicial decisions in other states which considered the terms `conservator of the peace' and `peace officer' to be synonymous. See, e.g., Jones v. State,65 S.W. 92 (Tex.Crim.App. 1901); Vandiver v. Endicott,109 S.E.2d 775, 777 (Ga. 1959); also see 15A C.J.S. Conservator, at pp. 579-580.
On the basis of the foregoing, I must conclude that a circuit judge, as conservator of the peace, has the authority to make arrests as a peace officer under s. 901.15(5), F. S., for violations of Ch. 316, F. S., committed in his presence.
Your first question, therefore, is answered in the affirmative.
AS TO QUESTION 2:
The authority of a circuit judge to make arrests, as a conservator of the peace and peace officer, for violations of Ch. 316, F. S., committed in his presence is established by Ch. 901, F. S., and, accordingly, the proper procedure to be followed in effectuating such arrests is also prescribed by Ch. 901. Section 901.17
provides:
 A peace officer making an arrest without a warrant shall inform the person to be arrested of his authority and the cause of arrest except when the person flees or forcibly resists before the officer has an opportunity to inform him or when giving the information will imperil the arrest.
A circuit judge, in exercising his arrest powers, must comply with the foregoing statutory provision. Generally, also see 6A C.J.S.Arrest ss. 48, 63. The present inquiry is directed to arrests for violations of the Uniform Traffic Control Law. Section 318.14, F. S., provides that violations of Ch. 316, with the exception of those offenses enumerated in s. 318.17, F. S., shall be deemed noncriminal infractions. See also Florida Rules of Practice and Procedure for Traffic Courts [hereinafter `Traff.Ct.R.'], Rule 6.040 which generally defines criminal and noncriminal traffic offenses and infractions.
In order for an alleged traffic offender to be properly tried and penalized, he first must be brought before a court of competent jurisdiction. It is well established that a formal accusation is essential before any valid prosecution for a criminal offense may be instituted. Such a formal accusation may be by indictment, information, or, in some instances, by complaint or affidavit. Cf. s. 16, Art. I, State Const. With regard to the present inquiry, Rule 6.160 Traff.Ct.R. provides:
 All prosecutions for criminal traffic offenses by law enforcement officers shall be, by uniform traffic complaint as provided for in section 316.018, of Florida Statutes, or other applicable statutes, or by affidavit, information, or indictment as provided for in the Florida Rules of Criminal Procedure. If prosecution is by affidavit, information, or indictment, a uniform traffic complaint shall be prepared by the clerk and submitted to the Department of Highway Safety and Motor Vehicles. (Emphasis supplied.)
 Generally a person charged with a criminal violation of Ch. 316, F. S., will be issued a uniform traffic complaint by the law enforcement officer. Section 316.018. These complaints, which contain a notice to appear, are issued in prenumbered books for citations in quadruplicate and are supplied to every traffic enforcement agency within the state by the Department of Highway Safety and Motor Vehicles. Section 316.018(1). A circuit judge acting as a conservator of the peace and peace officer in making an arrest under s. 901.15(5), F. S., for a criminal traffic offense is unlikely to have these forms in his possession to issue to the accused traffic violator; therefore, he would be required to proceed under the provisions contained in Ch. 901, F. S., and the Florida Rules of Criminal Procedure.
 Section 901.28, F. S., provides that an arresting officer or booking officer may issue a notice to appear to a person arrested for an offense declared to be a misdemeanor of the first or second degree or for a violation of a municipal or county ordinance triable in the county court, provided the accused does not demand to be taken before a magistrate. See also Rule 3.125 CrPR. Section 775.08(1), F. S., in defining misdemeanor, specifically excludes any violation of Ch. 316, F. S. This definition of a misdemeanor raises the question as to whether a circuit judge acting in his capacity as conservator of the peace and peace officer may issue a notice to appear to a person arrested for violating any criminal traffic offense provision of Ch. 316. In the absence of any legislative or judicial determination to the contrary, it appears that a criminal violation of Ch. 316 may not be classified as a misdemeanor and, accordingly, an arresting officer or booking officer may not issue a notice to appear for such violations under s. 901.28.
 The Florida Rules of Criminal Procedure provide an additional method of charging a person with the commission of a criminal offense. Rule 3.115 states in pertinent part:
 The state attorney shall provide the personnel or procedure for criminal intake in the judicial system. All sworn complaints charging the commission of a criminal offense shall be filed in the office of the clerk of the circuit court and delivered to the state attorney for further proceeding.
I am advised that in order to avoid the cumbersome procedure prescribed in the foregoing rule, it is the usual practice within the state for the state attorney to take the affidavit and then, with the powers attendant to his office, file a direct information. See Comment, Rule 3.115 CrPR, 33 F.S.A. Under this procedure, the state attorney is responsible for screening complaints of criminal violations and determining whether an accusatory document should be issued. Generally the accused will not be taken into custody until after an information has been filed. Thus, the general language of the criminal intake Rule 3.115 in terms does not appear to be applicable to those instances where an arrest for a criminal violation of Ch. 316, F. S., has been made by a conservator of the peace and peace officer under the authority of s. 901.15(5), F. S.
It therefore appears that, under the existing laws of this state, a circuit judge making an arrest under s. 901.15(5), F. S., for a criminal violation of Ch. 316, F. S., must take the person so arrested before a magistrate and cause to be filed a sworn complaint against such person in order that a summons may be issued to such person by the magistrate. See s. 901.09, F. S., and Rule 3.120 CrPR. The summons which serves as the accusatory document against the alleged traffic offender provides that the accused appear before the magistrate at a stated time and place. Rule 3.120, which is more explicit than s. 901.09, requires that the complaint be in writing and sworn to before an authorized official and set forth sufficient facts to establish probable cause that a criminal offense has been committed and that the accused committed it. A detached and impartial magistrate may then
 . . . take testimony under oath to determine if there is reasonable grounds to believe the complaint is true. The magistrate may commit the offender to jail, may order the defendant to appear before the proper court to answer the charge in the complaint, or may discharge him from custody or from any undertaking to appear. The magistrate may authorize the clerk to issue a summons. [Rule 3.120 CrPR.]
If the alleged violation is for a noncriminal infraction, Rule 6.320 Traff. Ct.R. provides:
 All citations for traffic infractions shall be by uniform traffic complaint as provided in section 316.018 of Florida Statutes, or other applicable statutes, or by affidavit. If a complaint is made by affidavit, a uniform traffic complaint shall be prepared by the clerk and submitted to the [Department of Highway Safety and Motor Vehicles.] (Emphasis supplied.)
A uniform traffic citation as provided in s. 316.018, F. S., is generally issued for these noncriminal infractions. The issuance of a traffic citation qualifies as an `arrest' as contemplated in s. 901.15(5), F. S., see AGO 076-6, although the alleged traffic offender ordinarily is not taken into custody for these noncriminal infractions which are `not punishable by incarceration and for which there is no right to a trial by jury or a right to court appointed counsel.' Rule 6.040 Traff.Ct.R.; see also s.318.13(3), F. S. A. circuit judge making an arrest under s.901.15(5) for a noncriminal traffic offense and who does not have the necessary forms to issue a uniform traffic citation must take the person so arrested before a magistrate and file a sworn complaint against such person and cause a summons to be issued to such person by the magistrate as provided by s. 901.09, F. S. Rule 6.320 of the Florida Rules of Practice and Procedure for Traffic Court, supra, provides that if a complaint is made by affidavit, a uniform traffic complaint shall be prepared by the clerk and submitted to the Department of Highway Safety and Motor Vehicles.
On the basis of the foregoing, it appears that when a circuit judge who, as a conservator of the peace and peace officer, makes a warrantless arrest under s. 901.15(5), F. S., for a noncriminal violation of Ch. 316, F. S., committed in his presence and does not have the necessary forms in his possession to issue a uniform traffic complaint to the accused must take the person so arrested before a magistrate and cause to be filed a sworn complaint against the arrested person in order that a summons may be issued to such person as provided in s. 901.09, F. S.
AS TO QUESTION 3:
By making an arrest under s. 901.15(5), F. S., as a peace officer, a circuit judge places himself in the role of a prosecuting witness in the subsequent prosecution of the alleged traffic offender. He is a direct witness to the events which led to the arrest and, in many cases, may be the only witness. Consequently, his testimony probably is essential to the state's prosecution. Therefore, a circuit judge, who by making an arrest as a peace officer under s. 901.15(5) places himself in the role of a complaining or prosecuting witness, must maintain that role in the subsequent prosecution thereof.
Prepared by: Joslyn Wilson Assistant Attorney General