Dear Mr. Rolle:
You have requested our opinion concerning the authority of deputy fire marshals to initiate criminal charges for petty offenses that come under their jurisdiction. Specifically, you have asked whether a deputy fire marshal would be considered a "peace officer" and, therefore, authorized to sign a citation to initiate criminal charges.
Our opinion is that a deputy fire marshal is not a "peace officer" and, therefore, is not authorized to sign a citation to initiate criminal charges.
 I Procedure for Initiating Charges
Under current procedures, a deputy fire marshal must go to a District Court Commissioner's office and fill out an Application for Statement of Charges for each petty offense that comes under his or her jurisdiction.[1] This requirement is itself time-consuming, and, as you observe in your letter, after the statement of charges is filed the deputy fire marshal must "relocate the offender to arrest or serve them."[2] You ask whether a deputy fire marshal may instead initiate charges by issuing a citation.
In Maryland, an offense may be tried only on a "charging document." Rule 4-201(a). A "charging document" is "a written accusation alleging that a defendant has committed an offense. It includes a citation, an indictment, an information, and a statement of charges." Rule 4-102(a). A "citation" is "a charging document, other than an indictment, information, or statement of charges, issued to a defendant by a peace officer or other person authorized by law to do so." Rule 4-202(b). A citation "shall be signed by a person authorized by law to do so before it is issued."
No provision of law authorizes a deputy fire marshal to issue a citation. Therefore, a deputy fire marshal may issue a citation only if the deputy fire marshal is a "peace officer."
 II Authority of State Fire Marshal
The office of the State Fire Marshal is a part of the Department of Public Safety and Correctional Services. Article 38A, § 7(a)(1). The State Fire Marshall's "full time investigative and inspection assistants" are deputy State fire marshals. Article 38A, § 7(d). In our opinion, a deputy fire marshal possesses the same authority as the State Fire Marshal. SeeRucker v. Harford County, 316 Md. 275, 281, 558 A.2d 399 (1989) (deputy sheriff functions as the alter ego of the sheriff and exercises the same authority); 58 Opinions of the Attorney General
708, 710 (1973) (deputy sheriff deemed capable of acting for and on behalf of sheriff in every official capacity). Accordingly, we shall use the term "fire marshal" to refer to both the State Fire Marshal and deputy State fire marshals.
The duties of a fire marshal are to "enforce all laws of the State" having to do with the following: the prevention of fire; the storage, sale, and use of any explosive, combustible, or other dangerous article; installation and maintenance of fire-related equipment; the "means and adequacy of exit, in case of fire," from buildings; and the "suppression of arson." Article 38A, § 8(a). A fire marshal also has the authority to "investigate as to the origin or circumstances or attempt to cause fire or explosion occurring in the State." Article 38A, § 8(f). In pursuit of an investigation, a fire marshal may enter a burned building or an adjacent building and "may in the exercise of [the fire marshal's] discretion, take full control and custody of the said buildings. . . ."Id. "If, upon investigation the State Fire Marshall has probable cause to believe that a person has committed or has attempted to commit a crime involving a fine, fire bombing, or false alarm, or involving the possession or manufacture of explosive devices or substances, fireworks, or fire bombs, the State Fire Marshall may arrest that person or cause him to be arrested and charged with the crime, in accordance with the appropriate procedures provided by law." Article 38A, § 8(g)(2).
 III Fire Marshal as Peace Officer
In considering whether a special policeman was a "peace officer" and therefore authorized by court rule to sign a charging document, the Court of Appeals noted that the pertinent rule, then as now, did not define the term "peace officer." Huger v. State,285 Md. 347, 352, 402 A.2d 880 (1979). The Court then accepted the argument that the term was to be given its "commonly understood meaning . . . [as] a person charged with the duty `to enforce and preserve the public peace.'" Id. (quoting Black's LawDictionary (4th ed. 1968)). "Public peace," the Court continued, is defined as "[t]he peace or tranquility of the community in general; the good order and repose of the people . . . ." Id. (internal quotation marks omitted).
In 63 Opinions of the Attorney General 502 (1978), this office was asked whether Parole and Probation Agents were "peace officers." Concluding that these agents were not "peace officers," Attorney General Burch noted the agents' limited law enforcement authority:
 The only law enforcement authority of members of the Division of Parole and Probation . . . allows any Parole Agent . . . to execute warrants for the retaking of parole violators. The limited authority to retake parole violators upon warrants does not constitute employees of the Division of Parole and Probation as peace or law enforcement officers. Members of the Division of Parole and Probation have no statutory authority to enforce and preserve the public peace, detect and prevent the commission of a crime or to enforce the criminal laws and ordinances of this State, nor to apprehend and arrest criminals. Members of the Division of Parole and Probation are therefore not peace officers.
63 Opinions of the Attorney General at 504.
Although fire marshals have the authority to enforce the law, detect and prevent the commission of certain crime, and apprehend and arrest criminals, this authority is limited to one specific area: offenses related to fire and explosives. A fire marshal does not have broad enforcement powers concerning criminal laws generally. For this reason, Attorney General Burch concluded that county fire marshals, deputy fire marshals, and fire investigators were not part of a "law enforcement" unit for purposes of the Police Training Commission statute. 61 Opinions of the AttorneyGeneral 668, 683 (1976).
The limited scope of a fire marshal's enforcement powers contrasts markedly with the powers of those who have been held to be "peace officers." Concluding that a special policeman is a "peace officer," the Court of Appeals observed: "`[A special policeman's] jurisdiction . . . [is] quite broad, and [is] not limited only to those offenses of some particular interest . . . .'"Huger, 285 Md. at 351 (quoting Gray v. State, 38 Md. App. 343,349, 380 A.2d 1071, cert. denied, 282 Md. 732 (1978)). See alsoLeach v. Penn-Mar Merchants Ass'n, Inc., 18 Md. App. 603, 610-11,308 A.2d 446, cert. denied, 269 Md. 761 (1973) (private security guard not a "peace officer" where duties were limited).[3]
 Vandiver v. Endicott, 109 S.E.2d 775 (Ga. 1959), is illustrative. The case involved a fire marshal's entitlement to certain benefits available to "peace officers." The fire marshal's primary duties included fire prevention and safety and enforcing related laws and ordinances. 109 S.E.2d at 776. The court noted that it was the intent of the legislature in enacting the pertinent statute to exclude from the definition of "peace officer" those public employees or officers who, incidental to the primary duties of their employment, occasionally perform some of the services of a police officer. 109 S.E.2d at 777. The court went on to hold: "The fact that, under the ordinance . . ., officers of the fire department are invested with the powers of police officers and are authorized to make arrests within the city would not constitute them "peace officers. . . ." Id. See also ServiceEmployees Intern. Union v. City of Redwood City,38 Cal.Rptr.2d 86, 92 (Cal.App. 1995) (the legislature did not equate enforcing fire laws with acting in the capacity of "peace officer"). Butsee People v. Jackson, 339 N.Y.S.2d 429, 434-35 (N.Y. Crim. Ct. 1972) (fire marshal is considered a "police officer," and therefore a "peace officer") (dictum).[4]
 V Conclusion
In summary, it is our opinion that a deputy fire marshal is not considered a "peace officer" and, therefore, is not authorized to sign a citation to initiate criminal charges.
Very truly yours,
 J. Joseph Curran, Jr. Attorney General
 Kimberly Smith Ward Assistant Attorney General
_________________________ Jack Schwartz Chief Counsel Opinions Advice
[1] Maryland Rule 4-102 (h) defines "petty offense" as "an offense for which the penalty may not exceed imprisonment for a period of three months or a fine of five hundred dollars."
[2] Ordinarily, the filing of a statement of charges would result in a summons to the defendant. Rule 4-212(b). Under the circumstances listed in Rule 4-212(d)(1), an arrest warrant would be issued. A warrant would be executed when a "peace officer" arrested the defendant. Rule 4-102(l).
[3] An Illinois statute suggests that a statutory delineation is needed if the term "peace officer" is to be expanded beyond its common law scope. See Ill. Rev. Stat. ch. 21-13 (a "peace officer" is "any person who by virtue of his office or public employment is vested by law with a duty to maintain public order or to make arrests for offenses whether thatduty extends to all offenses or is limited to specific offenses") (emphasis added).
[4] This office has previously advised that a deputy State fire marshal "is trained as a police officer and is delegated the police and investigative powers of the State Fire Marshal. These powers appear to be the exercise of State sovereignty . . ." and therefore render a fire marshal a "public officer" for purposes of dual office-holding. Letter from Assistant Attorney General Robert A. Zarnoch, Counsel to the General Assembly, to Delegate James M. Harkins (May 30, 1995), at 2 n. 1. "Public officer" status, however, can be found based on the potential exercise of sovereign powers of various kinds, including the issuance of compulsory process. See Article 38A, § 8(h). "Peace officer" status, by contrast, depends on the generalized exercise of law enforcement authority.
 *Page 23