26455. PATTERSON v. BAUGH et al.

DECIDED SEPTEMBER 29, 1937. REHEARING DENIED NOVEMBER 5, 1937.

C. D. Rivers, for plaintiff in error.
Maddox & Griffin, Julius Rink, contra.

FELTON, J.   In a dispossessory proceeding by alleged purchasers against a tenant of the preceding occupant and alleged owner of premises, in order to establish the relation of landlord and tenant between the purchasers and the tenant it is incumbent on the purchasers to prove title to the premises in themselves, and that the defendant is holding over and beyond his term, or that there was a contract of tenancy between the purchasers and the defendant tenant.   In this case the plaintiffs attempted to prove the tenancy by showing title in them by deed from the former owner, the contract of tenancy between the defendant and the former owner, and the holding over by the tenant beyond his term.   The only evidence of title was (1) the deed from the former owners, which did not show that the disputed premises, a house, was included in the description of the land conveyed by the deed dated in 1932, and (2) a plat of the land conveyed, the correctness of which was testified to by a surveyor who based his knowledge of the starting point on the statement of three living adjoining landowners, who did not testify in the case.   The plaintiff thus failed to prove a title in the plaintiffs by paper title back to the State, prescription for twenty years, prescription under color of title for seven years, or in any other way known to the law.   The plat and surveyor's testimony were insufficient to prove that the house was included in the description in the deed, for the reason that present-day hearsay is not sufficient to establish a line or landmark. It would be necessary to prove the same by declarations of former owners or adjoining landowners since deceased, or the testimony of adjoining landowners or witnesses who knew the facts. McAfee v.

*Newberry,* 144 *Ga.* 473 (87 S. E. 392). The plaintiff's right to dispossess the defendant depended on whether the house was included in the deed. The evidence was not sufficient to establish the true location of the boundaries in the deed, and the court erred in overruling the motion for new trial.

*Judgment reversed. Stephens, P. J., and Sutton, J., concur.*