34191. THOMPSON et al. v. COLTER.

NICHOLS, Chief Justice.

Colter filed an action to enjoin Thompson and others from trespassing on his property and to establish the line between their properties. The jury found in favor of Colter. The motion for new trial filed by Thompson and others was overruled and they appeal.

1. The first enumeration of error contends that the trial court erred in overruling the motion for new trial on the general grounds. The evidence supports the jury's verdict. Thus, this enumeration of error has no merit.

2. The second enumeration of error contends that the trial court erred in admitting a plat offered as plaintiff's Exhibit No. 8. The case of *Patterson v. Baugh,* 56 Ga. App. 660 (193 SE 364) (1937), relied upon by Thompson, is to be distinguished from the present case in that the living owner testified in the present case as to the locations of the corners. The second enumeration of error is without merit.

3. The third enumeration of error contends that the trial court erred in not granting appellants' motion for mistrial because of the remarks of Colter's counsel in his closing argument to the jury. In an effort to settle the dispute, the parties entered into an agreement whereby each appointed a surveyor to run the line together. The surveyor appointed by Colter testified at the trial, but the surveyor appointed by Thompson was not called to testify, although he was under subpoena. The failure to call this witness was the subject of comment by Colter's counsel in his closing argument.

"Where a witness is known, competent, and compellable to testify as to material facts of which he is cognizant, counsel may properly comment in his argument before the jury on the failure of a party to whom the witness is accessible to produce the witness' testimony." *Floyd v. Colonial Stores,* 121 Ga. App. 852 (6) (176 SE2d 111) (1970), and citations. The trial court did not err in overruling the motion for mistrial.

4. The fourth and fifth enumerations of error contend that the trial court erred in instructing the jury as to the form of verdict and "in entering the final judgment in the form used." The jury was instructed that the form of the verdict should be, "We the jury find in favor of the . . . [plaintiff or defendants]".

When asked for objections to the charge, appellants' counsel stated: "I would assume that in view of the written contentions that if they find for the Defendants, they find that the fence is the line, that if they find for the Plaintiff they find that the Brantley plat is the line." The trial judge replied, "I think that's the effect of it." No further comment about or objection to the charge was made.

There was no evidence presented from which the jury could have found the line to be other than one of the two alternatives stated by Thompson's counsel. The trial court did not err in instructing the jury as to the form of the verdict or in entering final judgment on the verdict.

*Judgment affirmed. All the Justices concur.*

SUBMITTED NOVEMBER 3, 1978 — DECIDED
JANUARY 4, 1979.

*H. Dale Thompson,* for appellants.
*H. G. Bozeman,* for appellee.