### 77189. WATERS v. SPELL et al.
(380 SE2d 55)

Pope, Judge.

Plaintiff Lee L. Waters and defendants, the Spells, are owners of adjacent parcels of land. Plaintiff filed a complaint against defendants alleging he had acquired a claim of right to disputed land along the boundary of the two parcels and alleging a specific description of the location of the boundary line which, plaintiff claimed, was established by the acquiescence of the defendant. The case was tried before a jury which returned a verdict in favor of defendants. Plaintiff appeals.

1. Plaintiff first argues defendants' predecessors in title had acquiesced to the boundary, as claimed by plaintiff, by erecting fences. Evidence was presented that remnants of two old fences were found on the disputed property. One fence appeared to be twenty or thirty years old; the other was even older and was described as "ancient." Plaintiff presented the testimony of the daughter of his predecessor in title and the daughter of one of defendants' predecessors in title. The daughter of plaintiff's predecessor testified that in the 1920's, when she was a young girl, a wire fence was erected on her father's side of the boundary line between the two parcels. Both witnesses testified they had recently visited plaintiff's property and that the old fence was still present. Defendants presented the testimony of the son of a more recent predecessor to their title who testified he and his brother, at the direction of their father, had erected a wire fence in approximately 1957. He testified they knowingly did not follow the course of an older existing fence in order to avoid having to wade through a pond. The witness testified he and his brother were punished by their father for not erecting the fence along the true boundary. Evidence was presented that defendants' predecessor in title continued to hunt game on the disputed land beyond the newer fence. A licensed surveyor testified he had seen remnants of two different fences, one older than the other, and that they did not run the same course.

"Acquiescence for seven years by acts or declarations of adjoining landowners shall establish a dividing line." OCGA § 44-4-6. However, the placement of a fence does not necessarily indicate acquiescence in a boundary. *Cothran v. Burk*, 234 Ga. 460 (216 SE2d 319) (1975). From the evidence the jury could find the more recent fence did not mark the boundary between the two properties and that the defendants and their predecessors did not acquiesce in establishing the fence

as the dividing line.

Plaintiff further argues that defendants' acquiescence to the boundary line, as claimed by plaintiff, is evidenced by the fact that plaintiff cultivated a garden every year since 1968 on the disputed land and that he placed two mobile homes and built a septic tank on the property in 1978. However, testimony was presented that the garden was cultivated by permission from defendants and their predecessor. The fact that permission was granted indicates defendants claimed ownership to the property. Defendants complained to plaintiff that they believed the mobile homes were located on their land some time before 1980. Therefore, the jury could conclude from the evidence that defendants had not acquiesced in establishing the newer fence as the boundary line. Accordingly, we reject plaintiff's claim that the verdict in favor of defendants is contrary to the evidence.

2. The trial court instructed the jury that it was to decide "whether the boundary line is to be as claimed by the plaintiff or whether it will be as claimed by the defendants." We reject plaintiff's assertion that the court erred in failing to instruct the jury it could return a verdict for neither party.

Plaintiff is precluded from complaining of an error in the jury instructions because he failed to raise the objection before the jury returned its verdict. OCGA § 5-5-24 (a). Moreover, the court did not err in instructing the jury that the verdict should be either for the plaintiff or the defendants because no evidence was presented from which the jury could have found the line to be other than one of the two alternative positions taken by the opposing parties. See *Thompson v. Colter*, 242 Ga. 784 (4) (251 SE2d 526) (1979).

In an action protesting a processioning of a property line, the jury should be instructed that it can find for neither party. See *Carter v. Wyatt*, 113 Ga. App. 235 (2) (148 SE2d 74) (1966). However, this case did not involve a processioning. Plaintiff's complaint alleged the establishment of a boundary line by acquiescence of the defendants. The only issue was whether defendants acquiesced in establishing the boundary line along the fence erected by defendant's predecessor in approximately 1957. The jury was properly instructed to find either for the plaintiff or defendants on this issue. The jury instructions did not misstate the law or erroneously present the issue to be decided. Therefore, contrary to plaintiff's assertion, this case does not present any error which this court may review despite plaintiff's failure to raise an objection at trial, pursuant to OCGA § 5-5-24 (c). See generally *Central of Ga. R. Co. v. Luther*, 128 Ga. App. 178 (1) (196 SE2d 149) (1973).

*Judgment affirmed. McMurray, P. J., and Benham, J., concur.*

DECIDED JANUARY 3, 1989 —
REHEARING DENIED MARCH 16, 1989.

*Zorn & Caldwell, William A. Zorn,* for appellant.
*James G. Johnson, Jr.,* for appellees.