### 22079. DURAND v. REEVES et al.

DUCKWORTH, Chief Justice. 1. The evidence was in conflict as to the location of the dividing line between the parties, the same also being the north-south line dividing the land lots which the respective parties owned other than the property of the United States Government in these land lots taken over for Lake Lanier; hence there is no merit in the general grounds of the motion for new trial, there being sufficient evidence to support the verdict.

2. Special grounds 1 and 2 are objections to the allowance in evidence of two plats based on evidence of the surveyor that he started five land lots south at an old land lot corner pointed out to him by another witness who testified that he did not know what land lot corners it represented or the numbers of the land lots but it was an old landmark represented as a land lot corner for more than 30 years, on the grounds that the surveyor did not know of his own knowledge where the beginning point was located, and the other witness did not know what land lot number it was or what lot it marked. These grounds are without merit since the witness who pointed out the beginning point also testified as to the existence of this old landmark, and the surveyor, who was a registered land surveyor, also testified as to other landmarks and corners used to determine the land lot line, and at most these plats are merely his opinion as an expert as to the location of the land lot lines, corners and property he surveyed representing his finding on the ground, and the jury was entitled to have such evidence before it in making a determination of the issue. *Code* §§ 38-313, 38-1805; *Hancock v. Wilson*, 214 Ga. 60 (2) (102 SE2d 551); *Ledford v. Hill*, 82 Ga. App. 299 (60 SE2d 555). Compare *Minor v. Fincher*, 213 Ga. 365, 369

(99 SE2d 78); *Patterson v. Baugh,* 56 Ga. App. 660 (193 SE 364).

3. Special grounds 3 and 4 are exceptions to the refusal of the court to give certain written requests to charge as to certain testimony which in part expresses incorrectly the testimony given and is an expression of opinion by the court as to the testimony, and is argumentative, and the court did not err in refusing to give the requested charges. A written request to charge must be correct and even perfect. *Code Ann.* § 70-207 (Ga. L. 1937, p. 592); *Lefkoff v. Sicro,* 189 Ga. 554 (3) (6 SE2d 687, 133 ALR 738); *Lewis v. State,* 196 Ga. 755 (3) (27 SE2d 659); *Brock v. State,* 206 Ga. 397 (57 SE2d 279). These grounds are without merit.

4. Special ground 5 complains of the failure to give a written request to charge on adverse possession up to the line by the plaintiff or his predecessors in title. The evidence shows that the lands are woodland on both sides of the alleged dividing line, and while the testimony showed some evidence of actual possession it does not show all of the elements of adverse possession sufficient to warrant the charge or to show the actual possession in the disputed strip necessary to meet *Code* § 85-403. Thus the evidence was insufficient to authorize a charge on adverse possession, and the court did not err in refusing to give the charge as requested. *Code* §§ 85-402, 85-403; *McCook v. Crawford,* 114 Ga. 337 (2), 338-9 (40 SE 225); *Fitzpatrick v. Massee-Felton Lmbr. Co.,* 188 Ga. 80 (3 SE2d 91); *Shahan v. Watkins,* 194 Ga. 164 (3) (21 SE2d 58). This ground is without merit.

5. Special ground 6 is an objection to a charge of the court as to the issue in the case, that is the location of the north-south line dividing the land of the respective parties by finding the southwest corner of Land Lot 1252 (owned by plaintiff) and the southeast corner of Land Lot 1225 (owned by defendant Porter); the plaintiff contending that the corner referred to is some 120 feet west of where the defendants contend it is located, on the grounds that it was confusing and misleading to the jury and erroneously instructed the jury to find that the southwest corner of the land lot owned by the petitioner when the petitioner did not claim the original corner was in fact the land lot corner. The petitioner did testify that this was his land lot corner, and all of the evidence and stipulations were to the effect that the location of the dividing line of the

petitioner and the two defendants where their respective lands joined would determine where the north-south line passed through the land lot corner which was allegedly 100 to 120 feet west of the road creating the alleged continuing trespass according to the petitioner. In this charge the court incorrectly stated "there is a difference of some 120 feet in the location of this corner as contended by the plaintiff and the defendants" and "the plaintiff contends . . . the corner . . . is some 120 feet west of where Mr. Porter and Mr. Reeves contend it is located." The evidence shows that there is a difference of some 120 feet in the locations of the dividing lines as contended by the plaintiff and the defendants, but more than 130 feet separates the alleged corners, since the defendants claim the correct land lot corner was some 200 to 300 feet northeast of the location of the corner claimed by the petitioner. However, this misstatement of the evidence was not harmful and misleading to the jury, although incorrect, since it is apparent that the court intended to point out the difference in the contentions of the parties as to the location of the dividing line. This ground is without merit.

6. There being no merit in any of the grounds of the motion for new trial, the court did not err in overruling it.

*Judgment affirmed. All the Justices concur.*

ARGUED JUNE 10, 1963—DECIDED JULY 3, 1963.

*Hammond Johnson, Jr.,* for plaintiff in error.
*Leon Boling, A. B. Tollison,* contra.