## 50126. SOUTHERN RAILWAY COMPANY v. A. O. SMITH CORPORATION et al.

CLARK, Judge.

The principal question presented in this appeal is determination of the applicability of the 1972 statutes which changed our law on contribution and indemnity. Did that change entitle appellant to recover from appellees the amount it paid in compromise (without suit or judgment) to an injured party for a tort which occurred prior to the effective date of the change?

Southern Railway Company sued four corporate defendants seeking recovery from them under the theory of contribution or indemnity for the amount which it had paid to an employee who had been injured on September 7, 1971, by a coupling device on a railroad car. The four defendants were the manufacturer, distributor, installer, and owner-lessor of the equipment. The action was based upon two statutes enacted in 1972 which changed our law as to contribution and indemnity among joint tortfeasors. The first of these statutes found at pp. 132, 133 of Ga. L. 1972, amended § 105-2012 so that it removed the previous existing requisite of suit or judgment. The second statute at p. 134, with reference to the right of indemnity, likewise eliminated the necessity of suit or judgment and is contained in the Annotated Code as § 20-1206.

Each of the four defendants sought summary judgment on the basis that these 1972 statutes did not apply because the tort occurred on September 7, 1971, and the statute did not create the right to contribution or indemnity without suit or judgment until 1972, when the settlement was effected with its employee. This appeal is from the trial court's grant of a summary judgment for all of the four defendants.

1. We consider first whether plaintiff's lawsuit is ruled by the laws of contribution and indemnity in effect when plaintiff's employee was injured, or by the laws of contribution and indemnity in effect when plaintiff compromised the employee's claim.

At the time plaintiff's employee was injured (September 7, 1971), no right of contribution arose under Georgia law until a judgment was entered against the

party seeking contribution. *Thornhill v. Bullock,* 118 Ga. App. 186, 188 (2) (162 SE2d 886); *Hangar Cab Co. v. City of Atlanta,* 122 Ga. App. 661 (178 SE2d 292). Thus, where a tortfeasor compromised the injured party's claim, he had no right of contribution against an alleged joint tortfeasor. *Hangar Cab Co. v. City of Atlanta,* supra. And, in order for a party seeking implied indemnity to recover, the existence of the party's liability also had to be legally ascertained, presumably by judgment. *Terrell v. Stevenson,* 97 Ga. 570 (25 SE 352); *Southern Nitrogen Co. v. Stevens Shipping Co.,* 114 Ga. App. 581 (151 SE2d 916); *Robert & Co. v. Pinkerton &c. Co.,* 120 Ga. App. 29, 34 (2) (169 SE2d 360).

However, at the time plaintiff compromised the employee's claim (April 19, 1972), Georgia law provided, "Without the necessity of being charged by suit or judgment, the right of contribution from another or others shall continue unabated and shall not be lost or prejudiced by compromise and settlement of a claim or claims for injury to person or property or for wrongful death, and release therefrom." Code Ann. § 105-2012 (Ga. L. 1972, p. 132). And an identical provision was in effect concerning "the right of indemnity, express or implied." Code Ann. § 20-1206 (Ga. L. 1972, p. 134).

Plaintiff contends its lawsuit is ruled by the laws of contribution and indemnity in effect when plaintiff compromised the employee's claim. Thus, plaintiff argues its cause of action against these four defendants had not been prejudiced by the settlement or the absence of a judgment. We disagree. "It is well settled that a statute affecting substantive rights operates prospectively. Code § 102-104. The right of contribution between joint trespassers is a substantive right created by statute. *Southern R. Co. v. City of Rome,* 179 Ga. 449 (176 SE 7). In a negligence case the substantive rights of the parties are fixed at the time of the injury or event on which liability depends. [Cits.]" *F. H. Ross & Co. v. White,* 224 Ga. 324, 325 (2) (161 SE2d 857). Since the incident upon which the plaintiff's and defendants' liability depends occurred on September 7, 1971, the law in effect at the time of the settlement has no bearing on this case. See *Lewis Card & Co. v. Liberty Mut. Ins. Co.,* 127 Ga. App. 441, 443 (193

SE2d 856).

Since no judgment had been entered against plaintiff, the right of contribution did not accrue; and the trial court did not err in granting summary judgment to defendants. *Hangar Cab Co. v. City of Atlanta,* 122 Ga. App. 661, supra; *Hospital Authority of Emanuel County v. Gray,* 123 Ga. App. 415, 416 (1) (181 SE2d 299). Compare *McMichael v. Georgia Power Co.,* 133 Ga. App. 593 (211 SE2d 632).

2. In opposition to the summary judgment motions, plaintiff submitted an affidavit from an attorney who averred he had drafted these 1972 contribution and indemnity statutes and it was his intention for the statutes to be retroactively applied. "While the opinion of a member of the legislature which passed an act, or that of the comptroller-general, as to its meaning and purpose, might possibly often be valuable and constructive in construing the act and arriving at the legislative intent, it cannot be seriously contended that courts can properly resort to sources of this kind in ascertaining the legislative will as expressed in a statute. These gentlemen might differ as to what an act did mean, which would only increase, rather than relieve, any difficulty a court might have in construing the law. But aside from this, which is only thrown out as a suggestion in passing, this method of arriving at the meaning of a public statute, cannot, after careful reflection, receive the sanction of any fair mind." *Stewart v. Atlanta Beef Co.,* 93 Ga. 12, 18 (2) (18 SE 981). Thus, even if the draftsman had been a legislator rather than a lawyer, such expression of legislative intention would be inadmissible. Accordingly, the trial judge was correct in sustaining the motion to quash the attorney's affidavit.

3. Plaintiff contends that defendants are estopped from asserting that, since no judgment was entered against plaintiff, no right of contribution or indemnity accrued. This contention is based upon three letters which were appended to plaintiff's response to request for admissions. The letters were written by claim representatives for two of defendants' insurance carriers. One such letter states, in part: "We certainly cannot disagree with your desire to conclude settlement at the

earliest possible time and if a fair and reasonable settlement based on your legal liability exposure can be made, your right to pursue indemnity or contribution will not be adversely affected should you so elect to proceed."

If plaintiff compromised the employee's claim in reliance upon such letters, we sympathize. Nevertheless, we are constrained to hold plaintiff's contention without merit.

Although a party can by estoppel waive a defense, it cannot create a right of action in another party. *Davis v. Johnson,* 92 Ga. App. 858, 864 (2) (90 SE2d 426). Thus, in *McCallum v. Almand,* 213 Ga. 701, 705 (100 SE2d 924), the Supreme Court ruled: "It is insisted by counsel for the plaintiff that, even though the plaintiff's services as a county commissioner and county policeman do not qualify him to participate under the terms of the act [creating the Peace Officers Annuity and Benefit Fund], the defendants are estopped to question this qualification because the secretary-treasurer of the fund on March 15, 1954, notified plaintiff by letter that he had been given credit for such time, and thereafter accepted his contributions to the fund. With this we cannot agree. Estoppel does not create a right (*Rieves v. Smith,* 184 Ga. 657, 664, 192 SE 372, 112 A. L. R. 368), and conveys no title. *Peacock v. Horne,* 159 Ga. 707, 708 (4) (126 SE 813); *Reese v. Spence,* 188 Ga. 349, 354 (4 SE2d 244)."

4. Under the law in effect at the time the rights of these parties were established, no right of contribution or indemnity arose until a judgment was rendered against the party seeking contribution or indemnity. Thus, in the absence of a judgment plaintiff has no right to seek contribution or indemnity from these defendants; and that right cannot be conferred upon plaintiff by estoppel.

*Judgment affirmed. Pannell, P. J., and Quillian, J., concur.*

SUBMITTED JANUARY 10, 1975 — DECIDED FEBRUARY 12, 1975 — REHEARING DENIED MARCH 10, 1975 —

*Powell, Goldstein, Frazer & Murphy, Edward E. Dorsey, Stuart E. Eizenstat, Jesse W. Hill,* for appellant.

*Gambrell, Russell, Killorin, Wade & Forbes, David A. Hanley, Robert B. Wedge, Long, Weinberg, Ansley & Wheeler, Sidney F. Wheeler, George H..Connell, Jr., Swift, Currie, McGhee & Hiers, W. Wray Eckl, G. Michael Hartley,* for appellees.