ARGUED MAY 12, 1980 — DECIDED
JUNE 17, 1980.

*Edward L. Savell,* for appellant.
*Tyler Dixon,* for appellee.

## 35981. KING et al. v. BROWNING.

CLARKE, Justice.
The parties to this action are adjoining landowners who dispute the boundary line separating their respective parcels of land. The land owned by the plaintiff (Browning) is bounded on the south by lands owned by all of the defendants and is bounded partially on the north by land owned only by defendant Wilson Lamar King. Browning brought this action seeking to enjoin all of the defendants from alleged encroachments on his land and praying for the establishment of both his north and south lines. A jury trial resulted, and the jury returned a verdict in favor of Browning. The Kings appeal enumerating six errors but raising only two issues of law which need to be treated in this opinion.

(1) Each of the parties had employed a registered surveyor to prepare a plat of survey delineating the lines in dispute. The Browning plat was prepared in 1977 by William H. Branch, Jr., and the King plat was prepared in 1978 by Carlton Evans. Each of the

surveyors testified in the trial and each party tendered in evidence the plat of survey prepared by the respective surveyors. The Evans survey made for the Kings contained notations indicating certain corners as they appeared on the Branch plat and the distance from the corner as determined by Evans. There were also notations referring to certain lines as "agreed line." In addition to this, there were two notes appearing on the Evans survey as follows:

"Branch's survey of Lot 5 encroaches across District Line into lot 511 by 4.36 acres."

"My findings are that Branch's plat is in error in distances running north and south in lot 5 by 128.35 feet on the west line and by 67.61 feet on the east line. I based this on comparing actual distances between monuments found set by Branch referred to on this plat."

These notations were objected to by Browning. Browning grounded his objection to the plat's notations on his claim that they were based upon hearsay and that they amounted to findings of fact which were properly within the exclusive province of the jury. The trial judge caused the notations to be expunged from the plat by heavy black markings which obliterated their visibility to the jury. After the markings were placed on the plat, the plat was then admitted into evidence.

The surveyor who prepared the plat in question testified at length. He identified himself as a registered surveyor since 1972 and gave a detailed account of the procedures he followed in preparing his plat of survey and arriving at the various conclusions indicated on it. No objection was made to this testimony. There was also testimony from an employee of the surveyor regarding his having heard the parties reach an agreement as to a certain line. This was also unobjected to.

As an expert witness, the surveyor is entitled to testify as to his opinion on the facts as proved by other witnesses. Code Ann. § 38-1710. An expert witness, such as the surveyor here, may testify as to his opinion on the ultimate issue in the case without invading the province of the jury so long as the subject is an appropriate one for opinion evidence. *Metropolitan Life Ins. Co. v. Saul,* 189 Ga. 1 (5 SE2d 214) (1939); Agnor's Ga. Evid., § 9-3. An expert may base his opinion on hearsay and may be allowed to testify as to the basis for his findings. *State Hwy. Dept. v. Peters,* 121 Ga. App. 167 (173 SE2d 253) (1970); *State Hwy. Dept. v. Parker,* 114 Ga. App. 270 (150 SE2d 875) (1966). When an expert's testimony is based on hearsay, the lack of personal knowledge on the part of the expert does not mandate the exclusion of the opinion but, rather, presents a jury question as to the weight which should be assigned the opinion. The

evidence should go to the jury for whatever it's worth. *Durand v. Reeves,* 219 Ga. 182 (132 SE2d 71) (1963); *Napier v. Little,* 137 Ga. 242 (73 SE 3) (1911); *State Hwy. Dept. v. Peters,* 121 Ga. App. 167, supra.

Similarly, documentary evidence illustrative of oral testimony and authenticated by oral testimony is admissible. *Fountain v. Bryan,* 229 Ga. 120 (189 SE2d 400) (1972); *Savannah Ice Delivery Co. v. Ayers,* 127 Ga. App. 560 (194 SE2d 330) (1972). Further, where the admissibility of such evidence is doubtful, it should be admitted and its weight left to the jury. *Savannah Ice Delivery Co. v. Ayers,* supra; *Durden v. Kerby,* 201 Ga. 780 (41 SE2d 131) (1947).

Browning argues that even if the exclusion of the plat notations was error, the error was harmless since these facts had been testified to by the surveyor during the course of the trial. It is not necessary to reach this issue because of the holding in Division 2 of this opinion.

(2) The trial judge charged the jury as to the verdicts which could be returned as follows: "In the event that you decide to return a verdict for the plaintiff, L. S. Browning, in this case, then your verdict should read: We, the jury, find in favor of the plaintiff. Date it and let one of your members sign it. Now in the event you decide to return a verdict for the defendants, Wilson Lamar King, Mrs. Ruby Nell King and Mary Alice King McGee, then your verdict should read as follows: We, the jury, find in favor of the defendants, and date it and let one of your number also sign as forelady or foreman."

The Kings assign error to this portion of the charge on the ground that it was misleading to the jurors in that the jury was not given the opportunity of finding in favor of all three of the King family members as to the south line unless it also found in favor of Wilson Lamar King as to the north line or vice versa. We agree.

The ownership of the land lying north of the Browning tract and the ownership of the land lying south of the Browning tract is not identical. The north line of the Browning tract is more than 4,000 feet from the south line of Browning tract. In spite of this, the charge is couched in the terms which would require that the defendants prevail in their claim as to each of these lines or neither of them. There is nothing in the evidence which would require such a finding. The charge here is what might be referred to as an "all or nothing at all charge" in that the parties would have to be total winners or total losers under its terms. If the jury followed the instructions given in charge, it would be impossible for Mrs. Ruby Nell King and Mrs. Mary Alice King McGee to prevail in their claim (the south line) unless Wilson Lamar King also prevailed in this individual claim (the north line). It is manifestly unfair to condition the rights of two co-defendants upon the successful adjudication of

the rights of a third co-defendant as to a separate issue.

Browning argues that this court should not consider the assignment of error as to the charge since no exception was made prior to the verdict as required by Code Ann. § 70-207 (a). This rule does not apply however when there has been a substantial error in the charge which was harmful as a matter of law. Code Ann. § 70-207 (c). A charge which would preclude the jury from considering the rights of two litigants unless a third litigant prevails upon an independent issue is tainted with substantial error. It is also harmful as a matter of law.

*Judgment reversed. All the Justices concur.*

SUBMITTED FEBRUARY 22, 1980 — DECIDED JUNE 17, 1980.

*Yancey, Perkins & Barnick, Dane Perkins,* for appellants.
*Perry & Franklin, W. S. Perry,* for appellee.