## 43275. SMITH et al. v. FOLDS et al.
### (344 SE2d 226)

GREGORY, Justice.

The Troup County Board of Commissioners granted David Foster's petition to rezone his property. The superior court set aside the

rezoning. We reverse the superior court.

In 1984, David Foster applied to the Troup County Board of Commissioners to rezone his 12-acre tract of land from Lakeside-Residential (L-100) to Mobile Home Park (R-300). Several neighboring landowners opposed the rezoning. The commissioners conducted a hearing, at which Foster and a spokesman for the neighbors were heard. The commissioners then voted 3 to 1 to rezone.

The neighboring property owners filed suit against Foster and the county commissioners seeking to enjoin development of the property and to have the rezoning decision set aside. The neighbors alleged Foster had misrepresented material facts at the rezoning hearing. They also claimed the rezoning procedure had been manifestly abused and the rezoning decision was arbitrary and capricious.

Because of the allegations of fraud, the trial court submitted the case to a jury. During the trial, the neighbors claimed Foster had grossly misrepresented access and traffic conditions near the proposed site. For instance, the neighbors showed Foster represented the width of the road next to the site as being 60 feet, whereas the actual width was 40 feet. Foster also presented the commissioners with a county tax map showing the intersection of the road with a nearby highway as being 45 degrees, whereas the actual angle was closer to 90 degrees. Foster also represented the road as being lightly traveled by automobiles. The neighbors testified at trial that logging trucks frequently used the road, however.

The three commissioners who voted in favor of rezoning each testified they had visited and examined the site before voting. The commissioners said they found the site to be ideal for a mobile home park because it was bounded by a railroad and a pulpwood yard and had two different means of access to a nearby state highway. According to their testimony, the commissioners also based their judgment on the fact that there was already a mobile home on the property to be rezoned, and another on the adjacent property. The commissioners found the area where the rezoning was to take place to be covered primarily in pine trees.

The jury found in favor of the neighboring property owners and the rezoning decision was set aside by the trial court. Foster and the five commissioners now appeal.

1. At the close of the evidence motions for directed verdict were made by both sides of the litigation. Following the jury verdict appellants moved for a j.n.o.v. We hold the trial court erred in failing to grant appellants' motions. The appellees conceded at trial that there was no fraud on the part of the commissioners. Furthermore, though the neighbors claimed Foster's actions were fraudulent, they presented no evidence to show Foster knew any statements were false or made any representations with the intention and purpose of de-

ceiving the commissioners. These two elements are essential in establishing a claim of fraud in a case of this nature. See *Martin Burks Chevrolet v. McMichen*, 136 Ga. App. 845, 847 (222 SE2d 633) (1975). The accuracy of Foster's evidence at the hearing before the commissioners was subject to challenge at that time by evidence to the contrary but the mere showing of the inaccuracy thereof later before the superior court standing alone is not evidence of fraud.

There was also a lack of any evidence that the decision was arbitrary and capricious or that any rezoning procedure was manifestly abused. There was evidence to support the commissioners' decision to rezone. The existence of conflicting evidence at trial as to the merits of the rezoning issue is no basis upon which a court may invalidate the zoning decision. *City of Marietta v. Traton Corp.*, 253 Ga. 64, 66 (2) (316 SE2d 461) (1984). The record before us reflects a proper case for zoning officials to make a determination whether to rezone property. The appellees presented no adequate basis upon which a court may set aside the decision. The lack of evidence to support the allegations made required a directed verdict in favor of appellants and a judgment denying the relief sought in appellees' complaint.

2. In view of our decision in Division 1 we do not reach the issues appellants raised regarding the form of the jury verdict and various jury charges.

*Judgment reversed. All the Justices concur.*

DECIDED JUNE 10, 1986.

*Richter, Willis & McKenzie, Edward L. Long, Jr.*, for appellants.
*Marc E. Acree, Hoke J. Thomas, Jr.*, for appellees.