44895. JACKSON v. DELK et al.
44896. CLAYTON COUNTY BOARD OF COMMISSIONERS
v. DELK et al.
(361 SE2d 370)

MARSHALL, Chief Justice.

Joan F. Delk, a residential property owner, instituted the present action against the Clayton County Board of Commissioners, as well as Bryan Jackson. Jackson owns a commercially zoned tract of land, which is adjacent to Delk's residence. Delk seeks to enjoin Jackson from developing his property in a manner which she contends is in violation of a decision of the board of commissioners approving an application made by Jackson to rezone his property to its current commercial zoning classification.

The trial court granted Delk interlocutory injunctive relief. In Case No. 44895, Jackson appeals, contending that his development of the property is in compliance with the county's rezoning thereof. In Case No. 44896, the county cross-appeals an order of the trial court granting Jackson's motion to compel discovery, which ruling required the county commissioners to give deposition testimony concerning their respective intentions in granting the rezoning application. For reasons which follow, in Case No. 44895, we vacate the interlocutory injunction and remand for reconsideration in light of developments occurring during the pendency of this appeal; in Case No. 44896, we reverse the trial court's order granting Jackson's motion to compel discovery.

The subject property is bordered on the south by State Highway 138 and on the north by residential properties owned by Delk and others. The northern property line is L-shaped, in that the northern property line proceeds from the northwest corner of the tract along a straight line for approximately 30 feet; it then proceeds southward along a 90-degree angle for approximately another 30 feet, and then proceeds along a straight line to the northeast property line. Thus, for a distance of approximately 30 feet, the northwest section of the northern property line indents into the adjacent residential properties at a depth approximately 30 feet greater than the property bordering the remaining northern boundary.

At a meeting of the county commission on July 24, 1987, by a 3-

to-1 vote the commissioners approved an application by Jackson to rezone the subject property from Agricultural to C-1 Commercial. Under Clayton County's local zoning ordinance, in C-1 suburban commercial zoning districts permitted uses include grocery stores, gasoline stations, and business and professional offices. Jackson intends to construct a convenience station on the property with gasoline pumps, with a 30-foot buffer along the northwestern 30 feet of the northern property line.

At the July 24 meeting, a motion was made to grant Jackson's application to rezone the property to C-1 Commercial, with, among other things, a stipulation that a 30-foot buffer be put "on the back side of the property that indents there to the subdivision." One of the commissioners who voted to approve the rezoning application stated that it was his understanding that the C-1 Commercial rezoning was being approved "with a natural buffer across the back." The clerk of the board of commissioners sent Jackson a confirmation letter, stating that the rezoning application had been granted with a 30-foot natural undisturbed buffer to be left at the back property line next to the residential area. County administrators approved a site plan, building permit, and grading permit, authorizing construction of a convenience store with gasoline pumps.

It is Delk's contention that, under the county commissioners' approval of Jackson's rezoning application, Jackson is not authorized to construct a convenience store with gasoline pumps, and Delk also contends that Jackson is required to maintain a 30-foot undisturbed buffer along the entire northern property line. The trial court granted Delk's requests for a temporary restraining order and subsequently for an interlocutory injunction. Essentially, the trial court ruled that although the language utilized by the county commissioners in their approval of Jackson's rezoning application was ambiguous with respect to the 30-foot buffer question, it is "crystal clear" that the commissioners intended to create a 30-foot buffer between the commercial and residential zoning districts, and "common sense tells us that if the commissioners intended to protect one residential property owner, [they] must have intended to protect all residential property owners."

However, we have been informed by Jackson that during the pendency of this appeal, he has petitioned the board of commissioners for a clarification of its decision on his rezoning application, and the board has clarified its decision by stating that the 30-foot buffer is required only along the northwest 30 feet of the northern property line. *Held:*

1. The rezoning of Jackson's property to C-1 Commercial unambiguously authorizes the construction of a convenience store with gasoline pumps on the subject property.

2. It is true that in a judicial proceeding, the testimony of a legislator, with respect to the legislative intent underlying the enactment of a particular piece of legislation, is inadmissible. *Stewart v. Atlanta Beef Co.*, 93 Ga. 12 (2) (18 SE 981) (1893); *Southern R. Co. v. A. O. Smith Corp.*, 134 Ga. App. 219 (213 SE2d 903) (1975).

For this reason, we hold that the trial court erred in requiring the county commissioners to submit to deposition questioning concerning their individual intentions with respect to the board's rezoning decision.

3. However, it is equally axiomatic that subsequent legislation declaring the intent of a legislative body in enacting an earlier statute is entitled to great weight in statutory construction. *Red Lion Broadcasting Co. v. F.C.C.*, 395 U. S. 367, 380-381 (89 SC 1794, 23 LE2d 371) (1969). 73 AmJur2d 380, Statutes, § 178.

Therefore, although we agree with the trial court that, on the basis of the record before the trial court at the time of the interlocutory-injunction hearing, an ambiguity did exist with respect to the 30-foot buffer question, we find it appropriate to vacate the interlocutory injunction and remand the case to the trial court for reconsideration of its decision to grant the interlocutory injunction, in view of Jackson's representation concerning the county commissioners' clarification of their decision on his rezoning request.

4. With respect to the remaining issues in this case, we note the following.

(a) The line of cases represented by *WMM Properties, Inc. v. Cobb County*, 255 Ga. 436 (1) (339 SE2d 252) (1986), holds that the issuance of a building permit, as well as various other forms of administrative approval, vests the right of the permittee to develop his or her property in accordance with existing zoning or regulatory laws. However, the issuance of a building or other permit in violation of existing zoning or regulatory laws is considered an ultra vires act and vests no one's rights. *Corey Outdoor Advertising v. Bd. of Zoning, &c. of Atlanta*, 254 Ga. 221 (3) (327 SE2d 178) (1985).

(b) The line of cases represented by *Smith v. Folds*, 256 Ga. 61 (344 SE2d 226) (1986), involves challenges by neighboring property owners to the merits of the decisions of local zoning authorities to rezone adjacent tracts. In cases such as this, the neighboring property owner must show special damages, *Brock v. Hall Co.*, 239 Ga. 160 (236 SE2d 90) (1977), and the rezoning "will be set aside only if fraud or corruption is shown or the rezoning power is being manifestly abused to the oppression of the neighbors. [Cits.]" *Cross v. Hall County*, 238 Ga. 709, 711 (1) (235 SE2d 379) (1977).

(c) The grant or denial of an interlocutory injunction rests in the sound discretion of the trial court. *MARTA v. Wallace*, 243 Ga. 491 (3) (254 SE2d 822) (1979). The purpose for granting interlocutory in-

junctions is to preserve the status quo, as well as balance the conveniences of the parties, pending a final adjudication of the case. Id. Consequently, the applicant for an interlocutory injunction need not, as suggested by the parties here, demonstrate irreparable injury as a prerequisite to entitlement to interlocutory injunctive relief.

*Judgment vacated in Case No. 44895. Judgment reversed in Case No. 44896. All the Justices concur.*

DECIDED OCTOBER 28, 1987.

*McNally, Fox, Mahler & Cameron, M. Van Stephens II,* for Jackson.

*Glaze, Fincher & Bray, George E. Glaze, Steven M. Fincher, James E. Ervin, J. Dunham McAllister,* for Delk and Clayton County Board of Commissioners.