46998. BUCK'S SERVICE STATION, INC. et al. v.
DEPARTMENT OF TRANSPORTATION.
(387 SE2d 877)

CLARKE, Chief Justice.

We granted certiorari in this case to consider what business losses are recoverable in a condemnation case. The precise question before us is whether only "permanent" business losses are recoverable

---

as a separate item of damages when months of construction result in severe business losses.

DOT condemned a portion of the property leased to Buck's Service Station, Inc. (hereinafter Buck's). DOT also acquired a construction easement during the period February 1985 to September 1986. According to appellant, the construction caused the service station to be at times inaccessible.

Prior to trial on the condemnation, DOT made a motion in limine to preclude Buck's introducing certain evidence concerning damages arising from the construction easement and business losses. The trial court granted the motion in part and denied it in part, finding that Buck's could introduce evidence of consequential damages arising from the construction easement but could not introduce evidence of business losses.

On interlocutory review, the Court of Appeals affirmed the partial denial of the DOT motion in limine, holding that Buck's was entitled to introduce evidence of consequential damages flowing from the taking of a construction easement under our holding in *Hillman v. Dept. of Transp.*, 257 Ga. 338 (359 SE2d 637) (1987). However, the Court of Appeals reversed the trial court's partial grant of the motion in limine regarding business losses.

In analyzing the admissibility of evidence of business losses, the Court of Appeals began with the proposition that because business losses are not consequential damages but an entirely separate item of recoverable damages, *Bowers v. Fulton County*, 221 Ga. 731 (146 SE2d 884) (1966), *Hillman* is not controlling. In the absence of an opinion of this court extending *Hillman* to business losses, the Court of Appeals considered itself bound by the holding of *Housing Auth. of the City of Atlanta v. Southern R. Co.*, 245 Ga. 229, 232 (264 SE2d 174) (1980), that " 'a mere temporary loss of profits associated with the extinguishment by condemnation of Condemnee's property interest is not a proper element for consideration in determining just and adequate compensation.' " However, the Court of Appeals held that the partial grant of the motion in limine was erroneous because it was overly broad and would exclude evidence of *permanent* as well as *temporary* business losses. *Buck's Service Station, Inc. v. Dept. of Transp.*, 191 Ga. App. 341 (381 SE2d 516) (1989).

1. We affirm the Court of Appeals' holding that DOT could not use a motion in limine to test its contention that Buck's Service Station's evidence of consequential damages was insufficient. A motion in limine, which seeks to prevent the introduction of evidence, is not an appropriate vehicle to test the sufficiency of that evidence.

2. Because business losses are not consequential damages, the Court of Appeals considered itself bound by this court's holding in *Housing Auth.*, supra, that an interruption of business is not compen-

sable unless condemnee has irrevocably lost something of value. This was true despite the holding in *Hillman v. Dept. of Transp.*, supra, that "temporary" consequential damages are recoverable. Three members of the Court of Appeals, in a special concurrence, expressed their belief that this court effectively overruled *Housing Auth. of Atlanta* in *Hillman*.

We take this opportunity to clarify the interplay between our holdings in *Housing Auth.* and *Hillman*. We expressly hold that evidence of *any* business losses which result in a diminution of the value of a condemnee's business is admissible. However, evidence of temporary loss of business is admissible not for the purpose of recovering for the temporary loss of business but for the limited purpose of demonstrating fair market value of the land not taken immediately after the taking. We reach this conclusion because business property facing loss of business may suffer a diminution in fair market value. This is true whether the losses occur because of the condemnation of a temporary construction easement or whether they occur because of a permanent taking. Our opinions in *Housing Auth.* and *Hillman* are consistent with this principle. We reiterate the distinction made in *Hillman* between losses special to the condemnee, which are compensable, and losses of inconvenience suffered by the general public, which are not.

We affirm the Court of Appeals' holding that the trial court erred in granting in part the DOT's motion in limine. We hold that the motion should have been denied, and Buck's should be allowed to present its evidence of business losses. It is up to the trier of fact to determine whether the business losses suffered as a result of a temporary easement were a mere inconvenience or whether they resulted in a diminution of the value of the condemnee's interest in the land not taken.

*Judgment affirmed. All the Justices concur, except Benham, J., not participating.*

DECIDED JANUARY 25, 1990 —
RECONSIDERATION DENIED FEBRUARY 21, 1990.

*Reynolds & McArthur, Charles M. Cork III,* for appellants.
*Harris & Harris, William C. Harris,* for appellee.