A89A2330. FULTON COUNTY v. DANGERFIELD et al.
(393 SE2d 285)

BEASLEY, Judge.

Fulton County appeals judgments for the owners, the Dangerfields, and the lessee, White d/b/a Syn Mar Company, on property taken in condemnation for the College Park MARTA station. Two enumerations involve evidence admitted over objection and the third involves a jury charge.

The Dangerfields urged that the real property had extra value as a site for an advertising sign. Evidence was introduced of applications to the Federal Aviation Administration for height approval and to the City of College Park for a building permit for the sign.

1. The county enumerates as error the court's allowing the Dangerfields' attorney for the permit application to give expert opinion as to the reason College Park denied the permit. To set the matter in context, it is observed that the condemnor does not contest the relevancy of the denial of the permit. See *MARTA v. Martin*, 193 Ga. App. 566 (2) (388 SE2d 346) (1989).

The witness' opinion was based on statements made by city employees before the hearing and by the Mayor and MARTA representatives at the hearing on the application. The opinion was that, since all requirements had been met but MARTA had advised the city that

the property was being condemned, the permit was denied for this reason. The testimony was objected to as improper because it dealt with the subjective basis for a political decision. Appellant cites only *Jackson v. Delk*, 257 Ga. 541, 543 (2) (361 SE2d 370) (1987), and *Quigley v. Woodall*, 253 Ga. 688, 689 (325 SE2d 772) (1985) (one justice's special concurrence in an affirmance without opinion).

*Jackson* involved a *rezoning* by the board of county commissioners, and the testimony of individual commissioners as to their *individual* intentions in a *legislative* matter was not permitted. Zoning is a quasi-legislative function. *Gradous v. Bd. of Commrs. of Richmond County*, 256 Ga. 469, 470 (349 SE2d 707) (1986); *Atlanta v. McLennan*, 240 Ga. 407, 410 (3) (240 SE2d 881) (1977). Ascertainment of the basis for a board's collective and public administrative decision on a building permit would be a different matter.

If the reason is expressly stated or documented by the board for its published decision, which would be admissible as direct evidence, there is no barrier to the admission of circumstantial evidence of that reason. Assuming that denial of a permit is relevant to value, as it materially affects the use to which the land may be put, it would appear that one who is experienced in the bases for grants and denials of permits could give his opinion as to the reason for a particular one. It was evident to him that the denial was occasioned by actions of the condemnor. His opinion could be challenged on cross-examination and otherwise.

Fulton County had stipulated to the qualifications of the witness who was offered as an expert in building permit law and practice in the locality, by virtue of his being an attorney and having experienced an extensive administrative practice before the College Park city council and its zoning boards and having represented the Dangerfields in this instance. *Delk*, relied upon by the county, holds only that the testimony of a legislator as to the reasons underlying a legislative enactment is not admissible to prove legislative intent.

The action at issue, the grant or denial of a sign permit, was an administrative ministerial act and not legislative. Statements of representatives of MARTA, the entity for whose benefit the property was being condemned, and statements of city employees involved in the permitting process formed part of the basis for the witness' opinion of the reason for the denial, and it was admissible. OCGA § 24-9-67; *King v. Browning*, 246 Ga. 46, 47 (1) (268 SE2d 653) (1980).

2. Error is enumerated in appellee White's testimony that the market value of his business at the time of taking was $130,000. MARTA objected on the sole ground that this element may only be considered if it can be shown that the property is unique to the owner and that White's testimony had not shown the requisite uniqueness.

White then testified as to the uniqueness of the location to his

business and that the market value of his business after the move was $75,000, giving factual bases for his conclusion. MARTA moved to strike this testimony on the ground that temporary business losses are not recoverable where the damage is caused by temporary inconvenience or the loss is not permanent.

The enumeration is that it was error to allow the testimony in the absence of evidence of permanent loss or profits. There was no motion for directed verdict made by the county on the issue of business losses. What is to be considered, then, is whether there was sufficient evidence from which the jury could evaluate the claimed business loss.

" '(W)hen the business belongs to a separate lessee, the lessee may recover for business losses as an element of compensation separate from the value of the land . . . , provided only that the loss is not remote or speculative. (Cit.)' [Cit.] ' "(I)f the business has suffered damage because of the taking of the real property upon which it is carried on, *the correct measure of damages would be the difference in market value prior to and after the taking.* While various elements, such as loss of profits, loss of customers or possibly what might be termed a decrease in the earning capacity of the business may all be considered in determining the decrease in value of the business, they represent no separate element of damage." (Cit.)' (Emphasis supplied.) [Cit.]" *MARTA v. Martin,* supra at 567. Evidence of any business losses which result in a diminution of value of a condemnee's business is admissible. *Buck's Svc. Station v. Dept. of Transp.,* 259 Ga. 825 (387 SE2d 877) (1990).

Unlike the *Martin* case, there was sufficient evidence to submit the issue to the jury. White testified as to his business' diminished value, based on loss of customers and other factors. Whether there was adequate supporting data for White's conclusion was a jury question. OCGA § 24-9-80; *DeKalb County v. Glaze,* 189 Ga. App. 1, 4 (2 b) (375 SE2d 66) (1988).

3. Two of White's requested charges allegedly resulted in confusion for the jury in valuing loss of leasehold. The record does not contain Request # 21, but its substance is in the court's charge, according to discussions of it.

White testified about the difference in the rate of his lease with the Dangerfields and that which he was able to obtain after moving. This evidence was relevant to prove the value of White's leasehold interest. *Dept. of Transp. v. Lewyn,* 168 Ga. App. 283, 286 (3) (308 SE2d 684) (1983).

Reviewing the charge "as a whole and each part in connection with every other part of the charge," *Robert & Co. Assoc. v. Tigner,* 180 Ga. App. 836, 841 (1) (351 SE2d 82) (1986), it is not subject to the infirmity urged.

*Judgment affirmed. McMurray, P. J., Birdsong, Sognier and Pope, JJ., concur. Carley, C. J., Deen, P. J., and Banke, P. J., dissent. Cooper, J., disqualified.*

CARLEY, Chief Judge, dissenting.

I must respectfully dissent to Division 1 of the majority opinion and to the affirmance of the judgment in this case. In my opinion, the trial court erred in admitting the opinion testimony of the condemnees' witness and that erroneous evidentiary ruling requires the reversal of the judgment.

In *Jackson v. Delk*, 257 Ga. 541, 543 (2) (361 SE2d 370) (1987), the Supreme Court held that "the trial court erred in requiring the county commissioners to submit to deposition questioning concerning their individual intentions with respect to the board's rezoning decision." I do not construe the Supreme Court's holding as narrowly as the majority does and, in my opinion, those individuals who had actually denied the condemnees' application for a permit would not themselves be allowed to testify as to their "individual intentions" in so doing. It therefore seems clear to me that the condemnees' witness should not have been allowed to give his opinion as to the "collective" intentions which underlay the decision of those individuals to deny the permit. See *Southern R. Co. v. A. O. Smith Corp.*, 134 Ga. App. 219, 221 (2) (213 SE2d 903) (1975).

The condemnees' witness may have been qualified as an expert. However, he was certainly not qualified to give an inadmissible opinion. I believe that he was erroneously allowed to do just that over the condemnor's objection, and that the majority has sanctioned that error by failing so to hold. Accordingly, I respectfully dissent.

I am authorized to state that Presiding Judge Deen and Presiding Judge Banke join in this dissent.

DECIDED MARCH 16, 1990 —
REHEARING DENIED MARCH 28, 1990 — 

*Robert G. Young*, for appellant.
*Peek & Whaley, J. Corbett Peek, Jr., James G. Peek, Abraham A. Sharony*, for appellees.