S90G0958. FULTON COUNTY v. DANGERFIELD et al.
(398 SE2d 14)

BENHAM, Justice.

This appeal concerns a condemnation of land for the College Park MARTA station. In Fulton County's appeal from the judgment entered on the jury award to the Dangerfields (owners) and White (lessee), the Court of Appeals affirmed the trial court's judgment.

*Fulton County v. Dangerfield,* 195 Ga. App. 208 (393 SE2d 285) (1990). This court granted certiorari to consider two questions: 1) whether it was error to permit an attorney witness for the condemnee to testify concerning the reason for the City of College Park's denial of an application for a permit to erect an advertising sign on the premises; 2) whether *Buck's Service Station v. Dept. of Transp.,* 259 Ga. 825 (387 SE2d 877) (1990), was correctly construed and applied.

1. One of the issues at trial was whether the condemned property had extra value as a site for an advertising sign even though the City of College Park had previously denied a zoning variance application by the Dangerfields for a permit to erect such a sign. In support of their position that the property had such value, the Dangerfields asserted that the application was denied only because MARTA was in the process of condemning property in the path of the proposed right-of-way. The trial court permitted an attorney who had represented the Dangerfields in the application process to testify as an expert concerning the reasons for the denial of the application. The Court of Appeals found no error. We disagree, finding the admission of the testimony concerning the subjective intent of the city council in refusing to grant a permit for a sign which violated zoning requirements to be inadmissible for several reasons.

(a) The characterization of the testimony of the attorney-witness as "expert" is unwarranted by the record. Regardless of the witness' qualification as an expert, the testimony given was not an expert opinion, but a recitation of what was said by various persons at the meeting at which the permit was denied. We would not allow a physician to give an expert opinion that a person's leg was broken if that "opinion" was based solely on the witness hearing the treating physician state upon examining the leg that it was broken. The "opinion" of the attorney-witness in this case rests on the same foundation. "It is not competent for a witness to testify directly as to another's intention." *Durrence v. Northern Nat. Bank,* 117 Ga. 385, 389 (43 SE 726) (1903). The testimony should have been excluded as hearsay.

(b) Although *Jackson v. Delk,* 257 Ga. 541 (361 SE2d 370) (1987), which held inadmissible the testimony of a legislator concerning the reasons underlying a legislative enactment, did not expressly forbid the testimony at issue here, the underlying rationale of *Jackson* and the authority on which it relied requires the exclusion of the testimony. In *Stewart v. Atlanta Beef Co.,* 93 Ga. 12 (2) (18 SE 981) (1893), this court explained why the testimony of legislators should not be taken in order to explain the reasons for legislation:

> While the opinion of a member of the legislature which passed an act, or that of the comptroller-general, as to its meaning and purpose, might possibly often be valuable and

instructive in construing the act and arriving at the legislative intent, it cannot be seriously contended that courts can properly resort to sources of this kind in ascertaining the legislative will as expressed in a statute. These gentlemen might differ as to what an act did mean, which would only increase, rather than relieve, any difficulty a court might have in construing the law. But aside from this, which is only thrown out as a suggestion in passing, this method of arriving at the meaning of a public statute, cannot, after careful reflection, receive the sanction of any fair mind.

If the courts cannot properly rely on the testimony of the legislators themselves, then speculation by an outsider, based on hearsay and opinion, is even more inherently unreliable. For this reason, also, we hold that the testimony concerning the subjective intent of the legislative body of the City of College Park was inadmissible. *King v. Browning*, 246 Ga. 46 (268 SE2d 653) (1980), relied upon by the Court of Appeals to excuse the hearsay basis of the opinion testimony involved in this case, does not address or cure the basic defect in the testimony, which is that it goes behind the decisions of a legislative body and asserts subjective motives which conflict with the body's pronouncement.

(c) The testimony was not relevant to the issue of possible uses of the land. Under *Schoolcraft v. DeKalb County*, 126 Ga. App. 101 (189 SE2d 915) (1972), the test is whether the land sought to be condemned *could* be used for another purpose. The record here shows that it *could not* be used for the advertising purpose asserted because that use violated existing zoning and there was no variance. The testimony would have been relevant in an action to set aside the denial of the variance on the grounds of fraud and corruption or manifest abuse of the zoning power, but in the condemnation action, the testimony cannot change the fact that the asserted use is not one to which the property *could* be put.

To permit the testimony at issue here would be to allow the decision of a local legislative body to be stripped of effect in a collateral attack. Worse yet, in the present case, that action would be taken on the strength of testimony based wholly on hearsay and given by an advocate for one of the parties. The judgment in this case is tainted by that testimony and must be reversed.

2. Fulton County argues that the trial court erroneously admitted evidence of loss of profits by White and that the Court of Appeals, in affirming that ruling, misconstrued this court's decision in *Buck's Service Station*, supra. We find no error in either ruling. This court held in that case that even though lost income cannot be recovered in a condemnation action, the jury may consider it to determine its ef-

fect on the value of the property taken.

*Judgment reversed. Bell, Hunt, Fletcher, JJ., and Judge William M. Fleming, Jr., concur. Clarke, C. J., and Smith, P. J., dissent; Weltner, J., not participating.*

DECIDED NOVEMBER 28, 1990 —
RECONSIDERATION DENIED DECEMBER 19, 1990.

*Robert G. Young,* for appellant.

*Peek & Whaley, J. Corbett Peek, Jr., James Garland Peek, Abraham A. Sharony,* for appellees.