A96A1643. DEPARTMENT OF TRANSPORTATION v. SCOTT
et al.
(480 SE2d 272)

POPE, Presiding Judge.

The Department of Transportation ("DOT") appeals the jury's condemnation award for a strip of land consisting of 1.692 acres lying south of Georgia Highway 16 in Spalding County. The land taken was part of a 96-acre tract owned by condemnee, C. Marion Scott, lying north and south of the highway. Condemnee Ison Nursery & Vineyards, Inc. is the lessee of the 60 acres lying south of the highway from which the strip was taken.

At the time of condemnation, Ison had growing on the strip of condemned property approximately 950 muscadine grape plants, referred to as "mother plants," which were taken and destroyed in the condemnation. These "mother plants" were not grown to bear fruit or be sold, rather they were used to produce the plants, or cuttings, which were sold by the nursery. Ison grows many different varieties of muscadines some of which have been patented in its name. The "mother plants" for two of the patented varieties, as well as other non-patented varieties, were located on the condemned property. Moving or transplanting the "mother plants" was not possible because of their age and maturity and their extensive root system development. Although the replacement cost of the patented "mother plants" was only $14,623, evidence at trial showed that the destruction of the plants taken would result in loss of sales of approximately 60,000-65,000 plants per year with a resulting business loss of $214,000 over the three-year period of time required to replace the taken "mother plants" with new ones.

DOT contended $4,738 was just and adequate compensation for the value of land, and $6,083 was just and adequate consideration for the muscadine plants. However, the jury awarded Scott $12,000 as just and adequate compensation for his property, and awarded Ison $100,000. DOT appeals, raising ten enumerations of error.

1. DOT first argues the trial court erred in permitting the property owner to testify as to his opinion of value of the condemned property without first laying a proper foundation for such testimony.

"Generally, the competency of a witness to testify concerning an opinion of value is a matter for the trial court's discretion. [Cit.] An owner of condemned property is permitted to give such testimony, provided that he can first establish his 'knowledge, experience or familiarity with the value of improvements or real estate generally or of those values in the vicinity in particular.' [Cits.]" *Dept. of Transp. v. Into*, 219 Ga. App. 311 (1) (464 SE2d 886) (1995). Prior to giving his opinion as to the value of the condemned property, Mr. Scott testified that he owned the condemned property since 1947, that he researched sales of other property in Spalding County, and that he formed his opinion as to the value of the condemned property based upon these comparables. We find the trial court correctly determined that a proper foundation was laid for Mr. Scott's opinion testimony.

We also find that Mr. Scott's testimony was not improper because his opinion was based upon the sale value of one-acre tracts in Spalding County rather than valuing the property as a whole. "The comparability of the other property is a matter going to the weight of the expert's testimony, not its admissibility. [Cits.]" *Dept. of Transp. v. Ballard*, 208 Ga. App. 474, 475 (1) (430 SE2d 848) (1993). See also *Dept. of Transp. v. Kanavage*, 183 Ga. App. 143 (358 SE2d 464)

(1987).

2. DOT also argues the trial court erred by allowing the property owner's appraiser to testify as to his opinion of value of the condemned property by using one-acre tracts as comparables as opposed to valuing the property as a whole. As discussed in Division 1, the comparability of the other property went to the weight of the expert's testimony, not its admissibility. *Dept. of Transp. v. Ballard*, 208 Ga. App. 474. The jury was entitled to consider not only the present use but also reasonable potential uses of the property being taken, including the taken property's highest and best use. See *Bland v. Bulloch County*, 205 Ga. App. 317, 318 (2) (422 SE2d 223) (1992). There was no error.

3. DOT next argues it was improper for the trial court to permit the property owner's appraiser to give a separate valuation for the trees growing on the condemned property. Although we agree with DOT that the cost of replacing lost trees on condemned property is not a separate element of damages that a property owner is entitled to recover (see generally *Dept. of Transp. v. Willis*, 165 Ga. App. 271, 272 (2) (299 SE2d 82) (1983)), the existence of the trees on the land taken was certainly a factor to be considered in determining its value. *Dawson v. Dept. of Transp.*, 203 Ga. App. 157 (1) (416 SE2d 163) (1992).

Our review of the record reveals that the testimony concerning the value of the trees taken was not offered as proof of an independent element of recoverable damages, but merely as a factor which illustrated the value of the property taken as enhanced by the lost trees. In this context, the testimony was admissible. See generally *Dept. of Transp. v. Adams*, 193 Ga. App. 866, 868 (2) (389 SE2d 343) (1989).

4. In its next three enumerations of error, DOT relies on OCGA § 24-9-69 to support its claim that the trial court erred in admitting into evidence a corporate financial statement and various summaries of information abstracted from the books and records of Ison by its bookkeeper. Although DOT objected at trial to the admission of each of these documents, the transcript shows these objections were based solely on the grounds that proper foundations were not laid for the admissibility of the evidence. "Where evidence is admitted over objection and, on appeal, new grounds for objection are raised for the first time, those new grounds for inadmissibility are not reviewable." (Citations and punctuation omitted.) *Myers v. Myers*, 195 Ga. App. 529, 530 (3) (394 SE2d 374) (1990).

5. DOT next argues the trial court erred in permitting testimony about Ison's business losses without evidence having first been introduced to show that the property was unique.

"Post-taking business losses can be recovered as a separate ele-

ment in instances when the business belongs to a separate lessee or when the business belongs to the landowner and there is a total taking of the business. In either event, business losses are recoverable as a separate item only if the property is 'unique' and the loss is not remote or speculative. *Dept. of Transp. v. Dixie Hwy. Bottle Shop*, 245 Ga. 314, 315 (265 SE2d 10) (1980)." *Dept. of Transp. v. Acree Oil Co.*, 266 Ga. 336 (1) (467 SE2d 319) (1996).

" '[I]n the absence of a showing of a special or unique value to the owner, mere business losses caused by a partial taking of the land on which the business is located are not a separate element for compensation. *Evidence of such losses may be submitted to the jury only to help establish the market value of the property taken.*' [Cits.]" *Dept. of Transp. v. 2.953 Acres of Land*, 219 Ga. App. 45, 49 (4) (463 SE2d 912) (1995).

In the case at hand, Ison did not seek to recover its business losses as a separate element of damages, so we need not consider on appeal whether sufficient evidence was presented establishing the uniqueness of the condemned property. Instead, Ison submitted evidence of lost business profits for the purpose of showing the diminution in value of its business resulting from the loss of the approximately 950 muscadine vines taken in the condemnation.

"If the business has suffered damage because of the taking of the real property upon which it is carried on, the correct measure of damages would be the difference in market value prior to and after the taking. While various elements, such as loss of profits, loss of customers or possibly what might be termed a decrease in the earning capacity of the business may all be considered in determining the decrease in value of the business, they represent no separate element of damage. Evidence of any business losses which result in a diminution of value of a condemnee's business is admissible." (Citations, punctuation and emphasis omitted.) *Fulton County v. Dangerfield*, 195 Ga. App. 208, 210 (2) (393 SE2d 285) (1990), rev'd on other grounds, 260 Ga. 665 (398 SE2d 14) (1990). See also *Richmond County v. 0.153 Acres of Land*, 208 Ga. App. 208, 210-211 (2) (430 SE2d 47) (1993); *Buck's Svc. Station v. Dept. of Transp.*, 259 Ga. 825, 827 (2) (387 SE2d 877) (1990).

Thus, evidence as to Ison's projected losses was admissible in this instance to help establish the diminution in value of the nursery's business resulting from the loss of the muscadine plants located on the condemned property. Accordingly, the trial court did not err in allowing this evidence without a prior showing that the property was unique.

6. In its next enumeration of error, DOT argues the trial court erred in charging the jury that Ison can recover for business losses without the necessity of proving there existed a unique relationship

between Ison and the condemned property.

As discussed in Division 5, Ison did not attempt to recover its business losses as a separate element of damages, nor did the trial court charge the jury that Ison was entitled to additional compensation for its business' losses. The charge DOT complains of was "a charge on damage to the business as it affected the market value of the property. This evidence of damage to the business does not depend on the uniqueness of the property and is offered to help determine the market value of the property taken." *Dept. of Transp. v. 2.953 Acres of Land*, 219 Ga. App. at 49. There was no error.

7. Next DOT argues the trial court erred by failing to include a jury charge on uniqueness after allowing testimony on business losses. Although the question as to whether or not property is unique is usually for jury determination (*Dept. of Transp. v. Dixie Hwy. Bottle Shop*, 245 Ga. at 315), as discussed above, jury instructions on uniqueness were not warranted by the evidence submitted at trial. Business loss evidence was presented at trial only to help establish the market value of the property taken, not to establish a separate claim for lost profits. Therefore, it was not error for the trial court to refuse to give DOT's requested charge. See generally *Armstrong Transfer &c. Co. v. Mann Constr.*, 217 Ga. App. 538 (5) (458 SE2d 481) (1995).

8. Finally, DOT argues the trial court erred in denying its motion for new trial. In view of our discussions and holdings in the previous divisions of this opinion, we find no merit to this argument.

*Judgment affirmed. Andrews, C. J., and Smith, J., concur.*

DECIDED JANUARY 13, 1997 — ■

*Michael J. Bowers, Attorney General, Sanders, Haugen & Sears, C. Bradford Sears, Jr.*, for appellant.

*Peek & Whaley, J. Corbett Peek, Jr., James G. Peek*, for appellees.

