S97G0712. DEPARTMENT OF TRANSPORTATION v. SCOTT et al.
(492 SE2d 216)

BENHAM, Chief Justice.

Scott, owner of a 96-acre tract of land in Spalding County, Georgia, leased a 60-acre tract to Ison Nursery and Vineyard. The Department of Transportation (DOT) acquired by condemnation 1.692 acres of land from the 60-acre tract leased to Ison, causing the destruction of 950 muscadine plants called "mother plants" which were the source of grapevines, sold in the form of cuttings. Some of the varieties of muscadines have been patented by Ison. The replacement cost of the plants was shown to be $14,623 and evidence at trial showed that the destruction of the plants taken would result in the loss of sales of approximately 60,000-65,000 plants per year resulting

in a business loss of $214,000 over a three-year period of time needed to replace the destroyed plants with new ones. The jury awarded Ison $100,000 as just and adequate compensation. The Court of Appeals affirmed that judgment (224 Ga. App. 231 (480 SE2d 272) (1997)) and this Court granted certiorari posing the following question: "Whether evidence of business losses was admissible under the facts of this case? See *DOT v. Acree Oil Co.*, 266 Ga. 336 [(467 SE2d 319)] (1996); *MARTA v. Funk*, 263 Ga. 385 [(435 SE2d 196)] (1993); *Buck's Service Station v. DOT*, 259 Ga. 825 [(387 SE2d 877)] (1990); *DOT v. Dixie Hwy. Bottle Shop*, 245 Ga. 314 [(265 SE2d 10)] (1980)."

The Court of Appeals noted that Ison did not attempt to recover business losses as a separate element of damages, so no consideration of uniqueness was necessary. Instead, it held, Ison sought to show the diminution in value of its business, and evidence of business losses was admissible to show that diminution in value. However, the case relied upon by the Court of Appeals, *Fulton County v. Dangerfield*, 195 Ga. App. 208 (2) (393 SE2d 285) (1990) (rev'd on other grounds, 260 Ga. 665 (398 SE2d 14) (1990)), involved a lessee attempting to recover business losses as a separate element of damages, accompanied by evidence of uniqueness. The measure of damages for such a claim is the "difference in market value prior to and after the taking" (id. at 210), but since Ison was not attempting to recover business losses as a separate element of damages, it was not authorized to introduce evidence of the reduction in value of the business.

We conclude, therefore, that the trial court erred in admitting evidence of Ison's business losses and the Court of Appeals erred in affirming the judgment.

*Judgment reversed. All the Justices concur, except Sears and Hunstein, JJ., who dissent.*

HUNSTEIN, Justice, dissenting.

We granted certiorari in this case in order to address the admissibility of business loss evidence in light of four cited cases which serve to demonstrate the onerous legal "hoops" the appellate courts of Georgia have required condemnees to leap through in order to recover just and adequate compensation for losses incurred as the result of the taking of private property by the State. The majority does not address these cases; the majority does not even attempt to clarify the law; the majority in cursory fashion applies formulaic case law to reach a result that is contrary to the facts and to the just compensation clause of the Georgia constitution.

"[P]rivate property shall not be taken or damaged for public purposes without just and adequate compensation being first paid." Art. I, Sec. III, Par. I, Georgia Constitution (1983). This constitutional

provision is plain and explicit. It does not contain any distinctions among types of property interests, it does not confuse us with differences in market values, evidence of uniqueness, or subtle discriminations based on the durations of leasehold interests. It "is susceptible to no construction except the condemnee is entitled to be compensated for all damage to his property," as we held in *Bowers v. Fulton County*, 221 Ga. 731, 738 (146 SE2d 884) (1966), the pivotal case in which this Court overruled the "many reported cases [that] have cast shadows upon" the just compensation clause, id. at 734 (1), in order to uphold the principle that this constitutional right to recover for damage to property is "inclusive of damages to every species of property, real and personal, corporeal and incorporeal." Id. at 737.

The case at bar illustrates the new "shadows" that have been cast upon the just compensation clause. The Department of Transportation has exercised the power of eminent domain to take land owned by Scott. Ison Nursery had rented that land from Scott since 1974 in order to grow muscadines, including 950 "mother plants" used to propagate younger plants for sale in the nursery's business. Because cuttings from these muscadines can be planted elsewhere and may, in time, reach the maturity to become new "mother plants," Ison Nursery cannot show under convoluted Georgia case law that the loss of these plants was "unique," even though the financial loss Ison Nursery will sustain from the destruction of these plants is obvious and unmistakable. Further still, although the transcript establishes that Ison Nursery and its landlord, Scott, have sustained a long and successful relationship by means of a verbal agreement dating back to 1974, with the condemnees executing a lease (to last until the year 2000) only when the condemnation became imminent, because the parties here preferred a gentlemen's agreement to a boilerplate lease document Ison Nursery is not allowed to dispute the legal conclusion that its leasehold has no value whatsoever, even though that conclusion is contrary to the facts adduced at trial and common sense. Although DOT took property on which Ison Nursery legally operated its business and caused the nursery to sustain concrete, quantifiable losses to that business, the majority, blindly relying on elaborate legal distinctions concocted by the appellate courts, renders a ruling under which Ison Nursery receives neither "just" nor "adequate" compensation for losses the nursery has incurred as the result of the State's exercise of its eminent domain power.

This granted certiorari called for a profound reevaluation of an embattled constitutional provision. But rather than seizing the opportunity here to shine light on the just compensation clause by reexamining case law that is yet again casting shadows on this constitutional provision, the majority instead chooses to perfunctorily reaffirm that case law in an opinion that further obscures and diminishes

this important safeguard in our Bill of Rights. The Constitution of the State of Georgia was adopted not merely to protect the liberty interests of its citizens; it also protects their property interests and those interests are entitled to be given equal scrutiny and consideration when reviewed by this Court. Because I cannot agree with either the majority's treatment of this issue or the conclusion the majority reaches, I must respectfully dissent.

I am authorized to state that Justice Sears joins this dissent.

DECIDED NOVEMBER 3, 1997.

*Thurbert E. Baker, Attorney General, Cathy A. Cox-Brakefield, Assistant Attorney General, Sanders, Haugen & Sears, C. Bradford Sears, Jr., Dwyer, White & Sapp, Anne W. Sapp,* for appellant.

*Peek & Whaley, J. Corbet Peek, Jr., James G. Peek,* for appellees.

*Reynolds & McArthur, Charles M. Cork III,* amicus curiae.